**Meliton GARZA, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–97–01111–CR.**

Court of Appeals of Texas,
Dallas.

June 2, 1999.

Rehearing Overruled July 23, 1999.

Bruce Anton, Dallas, for Appellant.

Deborah Harrison, Asst. Crim. Dist. Atty., McKinney, for State.

Before Justices OVARD, MORRIS, and WRIGHT.

## OPINION

JOSEPH B. MORRIS, Justice.

After Meliton Garza, Jr. arranged for the delivery of over two hundred pounds of marijuana to a police informant, he was arrested, charged with unlawful delivery, and convicted by a jury. At his trial, the State proved its case, at least in part, with out-of-court statements made by his brother, which were admitted into evidence under the co-conspirator's exemption to the hearsay rule. The brother's out-of-court statements were admitted only after the trial court took judicial notice of facts from the brother's separate trial. Appellant contests the trial court's taking judicial notice, which the trial court did as the preliminary determination for the admissibility of the out-of-court statements. We conclude the trial court erred in doing so, but the error was harmless. Appellant also challenges the admission of a written transcript that reflected the translation of a telephone conversation from Spanish into English. We conclude appellant has not shown reversible error with respect to the admission of the transcript. Accordingly, we affirm appellant's conviction.

### FACTUAL BACKGROUND

In 1995, a United States customs agent offered to the Texas Department of Public Safety the services of a federal narcotics offender. The customs agent told a DPS investigator that the man had been released from custody to help drug enforcement officers in exchange for a possible reduction of his sentence. The DPS investigator interviewed the man and agreed to use him as a confidential informant.

The informant told the DPS investigator he had known appellant since childhood and appellant was always seeking buyers for marijuana. The informant agreed to try to negotiate a deal between appellant and the investigator, who would pose as a buyer from "up north." Negotiations began between appellant and the informant for the purchase of 250 pounds of marijuana. Because appellant lived in Robstown, Texas, he told the informant that appellant's brother, Ricardo, would handle the deal, which would take place in Dallas County. In April 1996, the informant and the investigator went to Ricardo's house to buy the marijuana. On that occasion, however, Ricardo was only able to provide a sample of marijuana, so no deal was completed.

Later in April, the informant attempted to set up the transaction at his own home. Ricardo arrived at the informant's home with a man named Jose, who apparently had the marijuana. But Ricardo could not convince Jose to show the marijuana before seeing the purchase money. Jose left and, again, no deal was made. Ricardo then told the informant that appellant could get the deal done. Appellant later told the informant that the next time the buyer was in town, he would come from Robstown and do the deal himself.

On April 14, 1996, appellant called the informant, told him the marijuana was available, and said he would fly up to Dallas to complete the deal. At the appointed hour on the following day, the informant called appellant at Ricardo's house. Appellant told the informant that he would make a telephone call and have the marijuana delivered there. The informant went to Ricardo's house and waited with appellant and Ricardo. After two hours of waiting for the marijuana to arrive, the informant left, telling appellant to call him when the marijuana arrived. Appellant called later, and the informant

went to Ricardo's house to inspect the marijuana. A man told the informant that 210 pounds of marijuana were in a car in the driveway. The informant confirmed the marijuana was there and then summoned the DPS arrest team. When the DPS officers announced their presence, appellant fled. He was soon caught and arrested.

## DISCUSSION

■ In his first two points of error, appellant contends the trial court improperly took judicial notice of facts in another case as the predicate to admit otherwise inadmissible hearsay testimony from the confidential informant in his case. Appellant argued at trial that the confidential informant could not testify about conversations he had with Ricardo because Ricardo's statements were hearsay. Appellant contended the co-conspirator exemption to the hearsay rule did not apply because no conspiracy had been established between the two brothers. In response, the trial court noted that Ricardo had been tried previously in the court. Based on its consideration of unspecified testimony from Ricardo's trial, the judge ruled that the co-conspirator exemption applied and overruled appellant's hearsay objection. Appellant then unsuccessfully objected to the trial court taking judicial notice of evidence from another trial. He now urges these same complaints.

■ Statements made by an accused's co-conspirator are not hearsay if made in the course of and in furtherance of the conspiracy. See TEX.R. EVID. 801(e)(2)(E) [1] . To avail itself of this rule, the State must show by a preponderance of the evidence that a conspiracy existed, the statements were made during the course of and in furtherance of the conspiracy, and both the declarant and appellant were members

of the conspiracy. See Meador v. State, 812 S.W.2d 330, 333 (Tex.Crim.App.1991); Crum v. State, 946 S.W.2d 349, 363 (Tex. App.-Houston [14 th Dist.] 1997, pet. ref'd), cert. denied, —— U.S. ——, 118 S.Ct. 1800, 140 L.Ed.2d 940 (1998).

Judicial notice, however, is an exception to the normal requirements of proof. See S. GOODE, O. WELLBORN & M. SHARLOT, GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 201.2 (Texas Practice 2d ed.1993). Thus, if the trial court could properly take judicial notice of the existence of a conspiracy between appellant and Ricardo, the admission of Ricardo's statements as non-hearsay was not error.

A trial court may take judicial notice of adjudicative facts that are not subject to reasonable dispute. See TEX.R. EVID. 201(b). The "indisputability" requirement means the adjudicative fact is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See id. The facts judicially noticed from Ricardo's trial are not generally known within the territorial jurisdiction of the trial court. Therefore, the judicial notice in this case must be justified, if at all, under the second provision. That is, the matters noticed must be capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned.

■ We find no Texas opinion in a criminal case addressing the exact question of whether a trial court may take judicial notice of testimony adduced in a co-defendant's separate trial and use that testimony, not as substantive evidence, but to determine a preliminary question of admissibility. We are convinced, however, that assertions made by an individual, even

---

1. This case was tried under the former Texas Rules of Criminal Evidence. Since the date of trial, the Texas Supreme Court and the Texas Court of Criminal Appeals have adopted the consolidated Texas Rules of Evidence. No changes were made to the rules at issue here. Therefore, for the sake of clarity, we will refer only to the Texas Rules of Evidence.

under oath, are not the type of facts that are capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned. *Cf. Stowe v. State,* 745 S.W.2d 568, 570 (Tex.App.-Houston [1st Dist.] 1988, no pet.) (trial court did not err in failing to take judicial notice of unrecorded statements made by jurors after trial). Reliance on judicial notice rather than the normal requirements of proof must be justified by a high degree of indisputability. *See* GOODE, *supra* § 201.2. We believe this rule holds true irrespective of whether the judicially noticed facts are used by the trial court as substantive evidence or, as in this case, a predicate for the admission of evidence.

■ A fact is not capable of accurate and ready confirmation simply because a trial judge remembers that a witness testified to it in trial. The scope of judicial notice is not coextensive with the personal knowledge of the individual judge. *See Wilson v. State,* 677 S.W.2d 518, 524 (Tex. Crim.App.1984). Moreover, trial testimony is a mutable product of human memory and subject to different interpretations. It does not carry the high degree of indisputability required to justify taking judicial notice. In this case, for example, we note that the facts judicially noticed from Ricardo's trial were, necessarily, the very facts vigorously disputed by appellant in his trial. We conclude the trial court here erred in taking judicial notice of the facts adduced in another trial of a different defendant.[2] *Cf. Muller v. Leyendecker,* 697 S.W.2d 668, 675 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.) (holding that, while a trial court under certain circumstances may take judicial notice of its own records and judgments, it may not take judicial notice of testimony in former trial of same case).

■ Although we conclude the trial court erred in this case by taking judicial

notice of facts from Ricardo's trial, our determination of appellant's complaint does not end yet. We uphold a trial court's ruling on the admissibility of evidence if it is correct under any theory of law applicable to the case. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). This principle holds true even when the trial judge gives the wrong reason for his decision. *Id.*

There is evidence in the record of appellant's trial to support the conclusion that appellant and his brother conspired together. Specifically, the confidential informant testified that appellant told him to call his brother Ricardo if the informant ever wanted to get a drug deal going because appellant would be out of town. Appellant further told the confidential informant that he would come to Dallas to help with the drug deal because the informant did not know Ricardo very well. The DPS investigator testified that appellant and his brother both were present at the marijuana sale that ultimately resulted in their arrests. The trial court could have concluded from this evidence alone that a conspiracy existed between Ricardo and appellant and that Ricardo's statements to the informant were made during the course of and in furtherance of the conspiracy. Therefore, even though the trial court erred in taking judicial notice, the trial court could properly admit the contested testimony under the co-conspirator exemption because the existence of a conspiracy is supported by evidence admitted at trial. The trial court's error in taking judicial notice, therefore, was harmless. We overrule appellant's first and second points of error.

■ In his third point of error, appellant contends the trial court erroneously permitted the jury to use an English transcription of a telephone conversation in Spanish as an aid during deliberations.

---

**2.** Compare the case law that permits a trial court to consider, as a basis for probation revocation, a previous trial of the same defendant in the same court. *See, e.g., Bradley v.*

*State,* 564 S.W.2d 727, 729 (Tex.Crim.App. 1978); *Carter v. State,* 700 S.W.2d 289 (Tex. App.-Dallas 1985, pet. dism'd).

The transcription reflected the translation of a taped telephone conversation that occurred between appellant and the confidential informant about two months before this offense occurred. Appellant asserts it is well-settled that transcripts of audiotapes may be used only as an aid by the jury in the courtroom and may not be taken into the jury room during deliberations. *See Garrett v. State,* 658 S.W.2d 592, 593 (Tex.Crim.App.1983). Appellant's complaint fails in this case for two reasons.

First, the trial court withdrew the transcript as an exhibit for all purposes and readmitted it as a jury aid at appellant's request. In granting appellant's request, the trial court stated it would permit the transcript to be used as an aid during deliberations. Appellant lodged no further objection to the trial court's ruling, nor did he request any special instructions directing the jury how to use the tape. Accordingly, he has forfeited his right to challenge the method used by the trial court. *See* TEX.R.APP. P. 33.1(a).

■ Second, the cases appellant relies on to support his complaint are inapplicable because they involve English transcripts of tape recordings in English. This case involves the written translation of an audiotape from Spanish to English. When a tape recording of a conversation in a foreign language is admitted into evidence, the situation is analogous to when a non-English speaking witness testifies, and the safeguards of code of criminal procedure article 38.30 apply. *See* TEX.CODE CRIM. PROC. ANN. art. 38.30(a) (Vernon Pamph. 1999); *Leal v. State,* 782 S.W.2d 844, 849 (Tex.Crim.App.1989).

Here, the State called two different qualified interpreters to confirm that the English transcript accurately followed the Spanish tape recording. In their testimony, there were minor differences with respect to slang words and profanity and each interpreter's ability to hear certain portions of the tape. But the overall meaning of the transcript, including its incriminating parts, was confirmed by both interpreters. The jury was able to hear and compare the testimony of both interpreters. Moreover, the confidential informant, a participant in the actual telephone conversation, confirmed the contents of the State's written translation. Appellant effectively cross-examined the interpreters and the confidential informant. With respect to the above facts, the trial court complied with article 38.30. *See Leal,* 782 S.W.2d at 849.

*Leal* also suggests, however, that the English transcription should have been admitted into evidence for all purposes rather than just as an aid. *See id.* Appellant cannot complain that the transcription was not admitted into evidence because it was withdrawn at his own request. *See Kelley v. State,* 823 S.W.2d 300, 302 (Tex.Crim. App.1992) (appellant cannot invite error and then complain about it on appeal). Thus, even assuming appellant preserved this issue for review, there is no reversible error in the trial court's treatment of the tape recording and translation. We overrule appellant's third point of error.

We affirm the trial court's judgment.