IN THE COURT OF CRIMINAL APPEALS

 OF TEXAS



 

 NO. PD-1221-03






 JAMES MITCHELL, JR., Appellant


 v. 


 THE STATE OF TEXAS



 


 ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

 FROM THE FOURTH COURT OF APPEALS

 KINNEY COUNTY




Holcomb, J., delivered the opinion of the Court, in which Meyers, Price, Womack, Johnson, and Cochran, JJ., joined. Keasler, J., filed a dissenting
opinion, in which Hervey, J., joined. Keller, P.J., dissented. Cochran, J., filed a
concurring opinion. 

 O P I N I O N


Appellant James Mitchell, Jr., was convicted of taking wildlife resources without
the consent of the landowner. See Tex. Parks & Wild. Code Ann. § 61.022 (Vernon
2002). The trial court assessed appellant's punishment at 180 days confinement in a
state-jail facility and a fine of $1500. In an unpublished memorandum opinion, the
Fourth Court of Appeals affirmed the judgment of the trial court. Mitchell v. State, 04-02-00084-CR, slip op. at 12, 2003 Tex. App. Lexis 5269 *19 (Tex. App.--San Antonio
2003, pet. granted). We granted review to determine whether the court of appeals erred in
holding that several out-of-court statements were admissible under Texas Rules of
Evidence 801(e)(2)(E) and 803(24). Tex. R. App. P. 66.1. We reverse. 

The Relevant Historical and Procedural Facts

 On December 21, 1999, U.S. Border Patrol agents took into custody, and
questioned, two teenage boys on suspicion of poaching. Through custodial interrogation,
the boys admitted shooting three deer on private property and implicated appellant as a
party to the offense. (1) See Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). Their out-of-court statements, admitted at trial over objection, allowed the jury to consider the
following additional facts: that appellant had dropped off the boys to hunt on private
property (the Harris Ranch), that appellant had returned and retrieved the boys' hunting
rifle, and that appellant intended to return to pick up the boys and the deer. Also,
out-of-court statements made by appellant's father were received into evidence over a
hearsay objection and a Confrontation Clause objection. These statements tended to show
that, during the time the boys were hunting on the Harris Ranch, appellant was with the
boys either having lunch or hunting. The boys' out-of-court statements were admitted at
appellant's trial through the testimony of the Border Patrol agents and a game warden. 

 Appellant argued to the trial court that the boys' out-of-court statements were
hearsay; the State responded that the statements were admissible under the co-conspirator
exception to the hearsay rule and convinced the trial court that evidence of the conspiracy
would be shown through subsequently offered testimony. See Tex. R. Evid.
801(e)(2)(E). The trial court overruled appellant's objection but granted his request for a
running hearsay objection. See e.g., Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim. App.
2004) (a party may preserve error by running objection); Garza v. State, 996 S.W.2d 276,
279 (Tex. App.-Dallas 1999, pet. ref'd) (proponent must offer evidence of the existence
of a conspiracy). 

 After the State rested, appellant argued that the boys' out-of-court statements
should be struck because the State never offered any evidence that those statements were
made in the course of a conspiracy. (2) The trial court overruled the motion to strike. At the
conference on the jury charge, appellant moved the court to instruct the jury to disregard
all of the out-of-court statements because they were hearsay and violated appellant's right
to be confronted with the witnesses against him under both the state and federal
constitutions. The trial court overruled appellant's request for the instruction. 



The Court of Appeals' Decision

 Instead of addressing appellant's complaint that the statements should have been
struck because no evidence of a conspiracy was shown, the court of appeals affirmed the
trial court on a different theory offered by the State on appeal--i.e., that the boys' out-of-court statements were hearsay-excepted under Texas Rule of Evidence 803(24)
(statements against penal interest). (3) The court of appeals reasoned that the boys'
statements were admissible because they were "self-inculpatory," i.e., "they expose[d] the
boys to liability for shooting their deer on the Harris Ranch without Harris' permission
[and] although the statements appear to be the product of custodial interrogation by law
enforcement officials, the statements nevertheless bore the necessary indicia of
trustworthiness." Mitchell v. State, slip op. at 12. We disagree; the statements were not
hearsay-excepted because they did not meet the reliability requirements of Rule 803(24). Analysis

 Texas Rule Evidence of 803(24) defines a statement against interest as:

 A statement which was at the time of its making so far . . . tended to subject
the declarant to . . . criminal liability . . . or to make the declarant an object
of hatred, ridicule, or disgrace, that a reasonable person in declarant's
position would not have made the statement unless believing it to be true. 
In criminal cases, a statement tending to expose the declarant to criminal
liability is not admissible unless corroborating circumstances clearly
indicate the trustworthiness of the statement.

 

 To be admissible under this rule, the out-of-court statement must be self-inculpatory with corroborating circumstances indicating the trustworthiness of the
statement. Dewberry v. State, 4 S.W.3d 735, 751 (Tex. Crim. App. 1999). The proponent
of such a statement is required to show that it exposes the declarant to criminal liability
and is trustworthy and reliable under corroborating circumstances. See Cofield v. State,
891 S.W.2d 952, 953 (Tex. Crim. App. 1994). Only those statements that are wholly self-inculpatory are trustworthy enough to be admissible under the rule. Id. at 956. We may
look also to the existence of independent, corroborating facts that tend, either directly or
circumstantially, to establish the truth of the matter asserted by the statement. See
Dewberry, 4 S.W.3d at 751. We conclude that the boys' statements were not wholly self-inculpatory and the State did not offer corroborating circumstances to clearly show the
trustworthiness of the boys' statements. See id. 

 As the court of appeals reasoned, the statements did expose the boys to criminal
liability, but, as appellant points out, the statements also exposed appellant to criminal
liability. See Cofield, 891 S.W.2d at 956. The United States Supreme Court has said,
"The fact that a person is making a broadly self-inculpatory confession does not make
more credible the confessions's non-self-inculpatory parts." Williamson v. United States,
512 U.S. 594, 599 (1994). The concern is that the declarant may be attempting to shift
blame to another or curry favor with the State. See id. at 603; see also Lilly v. Virginia,
527 U.S. 116, 139 (1999) (nontestifying accomplice's confession, in which he
incriminated himself as well as defendant, was not sufficiently reliable because
accomplice may have been attempting to shift blame to defendant). We are not assured
that the non-self-inculpatory parts of the boys' statements were not meant to curry favor
with law enforcement, to spread or shift blame to appellant, or that the boys were not
merely attempting to avenge themselves or divert attention away from their own
culpability. See Cofield, 891 S.W.2d at 956. 

 Although there is no definitive test for determining the sufficiency of
corroborating circumstances, some of the factors applicable to this case are (1) the timing
of the statement and its spontaneity; (2) the relationship between the declarant and the
party to whom the statement was made; and (3) the existence of independent
corroborating facts which, either directly or circumstantially, tend to establish the truth of
the matter asserted by the statement. See Davis v. State, 872 S.W.2d 743, 749 (Tex. Crim.
App. 1994). Even though the court of appeals addressed the third factor and found the
independent corroborating facts to be sufficient, (4) the court of appeals did not adequately
consider the first two factors. 

 We believe it significant to the reliability requirement that the boys' out-of-court
statements were the product of police interrogation and were made by juvenile suspects
who had been apprehended at dusk in a remote area after evading law enforcement for
half-an-hour and who had changed their story at least three times during the course of the
interrogation. That is, because the statements were elicited by law enforcement while in
custody, the boys may have been attempting to curry favor, spread the blame, or divert
attention away from their own culpability. (5) See Cofield, 891 S.W.2d at 955; Davis v.
State, 872 S.W.2d at 748 n.11; cf. Dewberry v. State, 4 S.W.3d 735, 753 (Tex. Crim. App.
1999) (out-of-court statements not elicited under police interrogation; rather, statements
were freely and spontaneously spoken to a friend). 

 Moreover, when a statement is made spontaneously, it is thought to be much more
trustworthy. Woods v. State, 152 S.W.3d 105, 113 (Tex. Crim. App. 2004). Here, the
record shows that the statements were not made spontaneously; rather, the boys' story
changed several times over the course of the interrogation. Therefore, we sustain
appellant's complaint that the statements did not meet the trustworthiness requirement
under the declaration-against-interest exception to the hearsay rule. (6) See id.; Cofield, 891
S.W.2d at 956; Tex. R. Evid. 803(24).

 Having found error, we now consider whether it was harmful under Texas Rule of
Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b) (non-constitutional errors that do
not affect substantial rights must be disregarded). An appellate court may not reverse if,
after examining the record as a whole, it has fair assurance that the error did not influence
the jury or had but a slight effect. Solomon v. State, 49 S.W.3d 356, 365 (Tex. Crim.
App. 2001). 

 It is a violation of the poaching statute to "hunt or catch by any means or method
or possess a wildlife resource at any time and at any place . . . unless the owner of the
land or water, or the owner's agent, consents." See Tex. Parks & Wild. Code Ann. §
61.022; Harrison v. State, 76 S.W.3d 537, 541 (Tex. App.--Corpus Christi 2002, no pet.)
(construing statute to include element of culpable mental state). To sustain appellant's
conviction as a party to the boys' poaching expedition, the record evidence must show
that appellant acted with intent to promote or assist the commission of the offense by
soliciting, encouraging, directing, aiding, or attempting to aid the boys. (7) See Tex. Pen.
Code Ann. § 7.02(a)(2). The record reflects that the boys' out-of-court statements were
the heart of the State's case. Therefore, we do not have fair assurance that the admission
of the evidence did not influence the jury or had but a slight effect. See Solomon v. State,
49 S.W.3d at 365. 

Conclusion

 Because the court of appeals erred in affirming the trial court's admission of the
boys' statements under Rule 803(24) and because we are not fairly assured that the error
did not influence the jury or had but a slight effect on its deliberations, we reverse the
judgment of the court of appeals and remand the case to the trial court for further
proceedings. 

DELIVERED: APRIL 6, 2005.

DO NOT PUBLISH
1. Appellant is one of the boys' father.
2. The record clearly supports appellant's contention. No evidence was offered to show
that the statements were made during the course of a conspiracy or that they otherwise satisfied
the basic requirements of Rule 801(3)(2)(E). See Deeb v. State, 815 S.W.2d 692, 697 (Tex.
Crim. App. 1990); Garza v. State, 996 S.W.2d at 279 . 
3. Appellate counsel, at oral argument and in her brief before this Court, stated that she
was not relying on Crawford v. Washington, 541 U.S. 36(2004). We therefore address only
whether the statements were hearsay-excepted under Texas Rule of Evidence 803(24). 
4. The court of appeals recited the following facts in support of its holding that there were
independent corroborating facts indicating the trustworthiness of the boys's statements: no
vehicles were found in the remote area where the boys were discovered, the boys had no
weapons, appellant went to the Border Patrol checkpoint in search of the boys, and a rifle of the
same caliber that was used to kill the deer was found in appellant's truck. Mitchell,
04-02-00084-CR, slip op. at 12. However, we cannot agree that these facts, offered as
independent corroborating facts, show that the statements were clearly trustworthy. See Davis v.
State, 872 S.W.2d at 749. 
5. We find appellant's additional argument persuasive that the statements are unreliable
due to the boys' age and the likelihood that the boys were afraid, thus making it more likely that
they would attempt to spread or "shift primary blame to a more 'responsible' party." 
6. The dissent suggests that we have "misread" Cofield in holding that the admission of
the boys' statements was error. Post, slip op. at ____. However, contrary to the dissent's
position, we do not summarily conclude that the statements are "automatically inadmissible"
only because they were not wholly self-inculpatory. Rather, we hold that the statements were
inadmissible because (1) they were not wholly self-inculpatory and (2) the State did not meet its
burden of establishing independent corroborating facts and (3) the corroborating circumstances
did not clearly indicate the trustworthiness of the statements. See Cofield, 891 S.W.2d at 955
(citing Davis v. State, 872 S.W.2d at 749). The most important factor we rely on, which the
court of appeals virtually ignored, is the fact that the statements were made to law enforcement
during custodial interrogation. See Davis v. State, 872 S.W.2d at 749. 

 In Davis, we stated that an appellate court may consider "the timing of the declaration and
its spontaneity" and "the relationship between the declarant and the party to whom the
declaration was made" as factors showing the existence of corroborating circumstances. Indeed,
the key distinction between Woods, Dewberry, and Cofield is the manner in which the statements
were made and to whom the statements were made. See Woods, 152 S.W.3d at 113 (finding
corroborating circumstances reliable because statements were "street corner" statements made
spontaneously to friends); Dewberry, 4 S.W.3d at 751-52 (fact that statements were made
spontaneously to friends indicative of reliability under 803(24)); Cofield, 891 S.W.2d at 955
(noting in its analysis of the existence of corroborating circumstances that declarant made
statement to arresting officer). Cf. Crawford v. Washington, 541 U.S. at 51 ("off-hand,
overheard remark might be unreliable evidence and thus a good candidate for exclusion under
hearsay rules"). 
7. The court's charge did not authorize the jury to find appellant guilty as a primary actor.