

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00451-CV

———————————————

IN RE D.M.L., Relator

---

Original Proceeding
481st District Court of Denton County, Texas
Trial Court No. 21-6418-393

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. INTRODUCTION

In this original proceeding arising out of a divorce case, relator D.M.L. (Husband) seeks mandamus relief from the trial court's order requiring him to pay interim attorney's fees to real party in interest K.L. (Wife). Because the trial court clearly abused its discretion and because Husband lacks an adequate remedy by appeal, we conditionally grant mandamus relief and order the trial court to vacate its October 20, 2022 "Order on Petitioner's Motion for Interim Attorney's Fees."

## II. BACKGROUND

Husband and Wife married in April 2008. Prior to marriage, they entered into a premarital agreement, which contained provisions addressing the characterization of their property—whether acquired before or after marriage—and delineating the parties' respective rights and obligations in the event of a divorce proceeding. Specifically, the agreement provides, among other things, that no joint or community property would be created during the parties' marriage; that all marital property would be owned by the separate estates of the parties; and that no community estate would be created during the marriage. Further, Husband and Wife agreed that in the event of divorce, the parties would each be responsible for their own attorney's fees and expenses and that neither party would be required to pay interim attorney's fees, expenses, or costs to the other during the pendency of the divorce proceeding.

In July 2021, Wife sued for divorce. Husband countersued shortly thereafter.

2

On August 10, 2021, Judge Robison, presiding judge of the 393rd Judicial District Court,[1] held a hearing on the parties' requests for temporary orders and Wife's request for a protective order. Judge Robison named Husband and Wife joint managing conservators of their children and awarded Wife the exclusive right, within certain parameters, to designate the children's primary residence. Husband was awarded visitation under the standard possession order and was ordered to pay child support and medical support. Husband was also ordered to pay Wife $5,000 in interim attorney's fees on the basis that such fees were "necessary for [Wife's counsel] to conduct discovery and properly prepare for trial and to protect the best interest of the children." Wife's request for a protective order was denied.

In August 2022, Wife filed a motion seeking additional interim attorney's fees from Husband. The motion alleged that because Wife owed her attorneys approximately $15,000 and had no funds in trust to cover the expected costs of mediation and trial, her attorneys would be forced to withdraw unless Husband was ordered "to pay interim attorney's fees and to equalize fees going forward." The motion further alleged that Husband was "in possession of substantially more community funds and other community assets" than Wife and had possession of large

---

[1]Though the parties' divorce proceeding was originally assigned to the 393rd District Court, it was transferred to the 481st District Court in March 2022.

3

quantities of gold as well as access to hundreds of thousands of dollars in cash.[2] Significantly, the motion did not reference the parties' children—much less assert that the requested interim attorney's fees were necessary for the children's safety and welfare.

Husband filed a response objecting to Wife's motion for interim attorney's fees. In his response, to which he attached a copy of the premarital agreement, Husband argued that Wife was estopped from seeking interim attorney's fees and that in any event, she was not entitled to the requested fees.

On October 7, 2022, the trial court held a hearing on Wife's motion for interim attorney's fees. At the hearing, Wife's counsel asserted for the first time that the interim attorney's fees were necessary for the safety and welfare of the children—and that the premarital agreement therefore did not bar the payment of such fees. The trial court initially indicated that it would grant the motion based solely on the pleadings and the arguments of counsel, but Husband's counsel vehemently objected and insisted that evidence was necessary. After Wife's counsel stated that she did not object to presenting evidence, the trial court heard testimony from Wife, Husband, and Wife's attorney.

---

[2]Because, as noted above, the parties' premarital agreement provides that no community property or community estate would be created during the marriage, it is unclear to what "community funds" or "other community assets" the motion refers.

4

While much of the testimony presented at the hearing concerned Wife's and Husband's current assets, Wife and her attorney were questioned regarding the basis for their assertion that the requested interim fees were necessary for the children's safety and welfare. However, Wife was unable to specifically articulate why the interim fees were necessary to protect the children's safety and welfare.[3] Wife's attorney stated in broad terms that the interim fees requested were for past work done and future work to be done for child-related issues and presented a table purportedly summarizing her firm's fees incurred for issues affecting the children as of the date of the hearing as well as her firm's invoices through September 15, 2022.

Following the hearing, the trial court entered an order requiring Husband to pay the following amounts to Wife's attorneys "for the safety and welfare of the children" pursuant to Section 105.001 of the Texas Family Code: $12,077.50 for work done through October 5, 2022, and an additional $15,000 to be held in trust for

---

[3]The extent of Wife's testimony on this key issue is contained in the following exchange:

> Q: How? How is it for the safety and welfare of your children?
>
> A: I mean that is a long story. I – I had to get a protective order against [Husband]. I had to file for divorce from him because I feared for my life. Okay. I have to protect them by divorcing him, and I'm incurring significant legal fees as a result.

5

future fees and expenses. Husband filed the present petition for mandamus challenging that order.[4]

## III. DISCUSSION

### A. Standard of Review

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

"A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Further, challenges to the legal and factual sufficiency of the evidence are relevant factors in determining whether or not a trial court abused its discretion. *In re Rogers*, 370 S.W.3d 443, 445 (Tex. App.—Austin 2012, orig. proceeding). Thus, in evaluating whether a trial court abused its discretion, "we must engage in a two-pronged inquiry, asking (1) whether the trial court had sufficient information on

---

[4]Contemporaneously with his petition for mandamus, Husband filed a motion seeking an emergency stay of the divorce proceedings, including the order requiring Husband to pay interim attorney's fees. This motion, which has been carried with the case, is rendered moot by our decision on the merits of the petition.

which to exercise its discretion; and, if so, (2) whether the trial court erred in its application of discretion based on that information." *Id.* (citing *Zeifman v. Michels*, 212 S.W.3d 582, 587–88 (Tex. App.—Austin 2006, pet. denied)).

## B. Did Husband Preserve the Error?

In her response brief, Wife asserts that because Husband's only objections to the form of the trial court's order concerned the deadline for the payment and the source of the funds, Husband has failed to preserve the issues he raises in his petition. We disagree.

For a complaint to be preserved for appellate review, the record must show (1) that the party presented a timely objection to the trial court that states the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint" and (2) that the trial court ruled—or refused to rule—on the objection. Tex. R. App. P. 33.1(a); *see DHI Holdings, LP v. Deutsche Bank Nat'l Trust Co.*, 650 S.W.3d 522, 525 (Tex. App.—Houston [14th Dist.] 2021, pet. filed) (supp. op. on reh'g). Here, Husband filed a written response objecting to Wife's motion on the grounds that the premarital agreement precluded her from seeking interim attorney's fees and that the court could not award attorney's fees to "even the financial playing field." In addition, Husband repeatedly objected to Wife's fee request throughout the hearing on the motion, raising both arguments he now asserts in his petition for mandamus—that the premarital agreement prohibits Wife from seeking interim attorney's fees and that Wife's evidence was insufficient to show that the requested

7

fees were necessary to protect the children's safety and welfare. Despite having been fully apprised of Husband's objections, the trial court orally granted Wife's motion at the conclusion of the hearing. Because Husband had clearly informed the trial court of his complaints to the motion and the trial court had ruled, Husband was not required to re-raise his substantive objections when presented with a proposed form of order reducing the trial court's oral ruling to writing. *See* Tex. R. App. P. 33.1(a); *DHI Holdings*, 650 S.W.3d at 525. Accordingly, error was preserved.

## C. Did the Trial Court Abuse its Discretion?

Husband argues that the trial court abused its discretion by ordering him to pay interim attorney's fees to Wife because (1) the premarital agreement clearly prohibits the payment of such fees "during the pendency of any dissolution proceeding" and (2) the evidence was legally and factually insufficient to establish that the fees awarded were reasonable and necessary to protect the safety and welfare of the children.

It is undisputed that the premarital agreement prohibits the payment of interim attorney's fees incurred for divorce-related issues. Indeed, the language of the agreement is very clear:

> During the pendency of any dissolution proceeding, neither party may be required to pay interim attorney's fees, costs, or other expenses to the other party or the other party's attorney. Each party further agrees to pay his or her own attorney's fees, costs, and other expenses on final hearing of any dissolution proceeding.

8

Thus, the only possible basis for the trial court's award of interim attorney's fees to Wife is that such fees were necessary to protect the "safety and welfare" of the children.[5] Tex. Fam. Code Ann. § 105.001(a)(5).

A party seeking interim attorney's fees under Section 105.001(a)(5)—such as Wife in this case—has the burden to show that the requested fees are necessary to protect the safety and welfare of the children. *Rogers*, 370 S.W.3d at 446; *see In re Sartain*, No. 01-07-00920-CV, 2008 WL 920664, at *2 n.2 (Tex. App.—Houston [1st Dist.] Apr. 3, 2008, orig. proceeding) (mem. op.). Where there is no immediate threat to the children's safety and welfare, an award of attorney's fees under Section 105.001(a)(5) is generally inappropriate. *See In re Payne*, No. 03-17-00757-CV, 2018 WL 1630933 at *3 (Tex. App.—Austin Apr. 5, 2018, orig. proceeding) (mem. op.); *In re T.M.F.*, No. 09-10-00019-CV, 2010 WL 974577, at *2 (Tex. App.—Beaumont Mar. 18, 2010, orig. proceeding) (per curiam) (mem. op.). Because Wife failed to show that the children's safety or welfare was in jeopardy, the trial court abused its discretion in awarding her fees under Section 105.001(a)(5).

First, with respect to the $12,077.50 in fees awarded for work already performed, such retroactive fee-shifting is not authorized by Section 105.001(a)(5).

---

[5]Husband contends that the premarital agreement prohibits Wife from seeking *any* interim attorney's fees, including those incurred for the protection of the children's "safety and welfare." Because we hold that the evidence was insufficient to show that the interim fees in question were necessary to protect the children's "safety and welfare," we need not decide whether the premarital agreement precludes Wife from seeking interim fees under Section 105.001(a)(5). *See* Tex. R. App. P. 47.1.

9

*See Sartain*, 2008 WL 920664, at \*2; *Saxton v. Daggett*, 864 S.W.2d 729, 736 (Tex. App.—Houston [1st Dist.] 1993, no writ). Section 105.001(a)(5) is concerned with protecting children from existing, imminent threats to their "safety and welfare," and retroactively shifting the burden to pay fees for work already performed—and from which the children have already received any benefits—does nothing to guard against present threats. *See Saxton*, 864 S.W.2d at 736 (recognizing that "the fruits of discovery [that had previously been] accomplished . . . were already available and would in the future promote the safety and welfare of the children to the extent of their power to do so" and that "the extent of that power was not increased by retroactively shifting the cost of that discovery to [relator]"). Thus, the trial court abused its discretion in ordering Husband to pay these fees for work already performed.

Though the $15,000 in fees awarded for future work—unlike those awarded for previously-performed work—could at least theoretically have been necessary to protect the children from a current threat to their safety and welfare, Wife failed to show that this was, in fact, the case. Indeed, there is nothing in the record to suggest the existence of an immediate threat to the children's safety and welfare. *See T.M.F.*, 2010 WL 974577, at \*2. When asked why the requested attorney's fees were necessary to protect the children's safety and welfare, Wife merely stated that she had previously sought a protective order against Husband and that she had filed for

10

divorce—at least in part—to protect the children.[6]   However, this testimony

concerning past dangers to the children's safety and welfare is not evidence of an

existing, imminent threat.   Moreover, shortly after the divorce proceeding was

commenced, the trial court entered temporary orders that eliminated any then-extant

threats to the safety and welfare of the children, and during her testimony, Wife did

not allege that any new threats had emerged since the entry of the temporary orders.[7]

---

[6]Both in her motion and in her response to Husband's petition for writ of mandamus, Wife asserts that the interim attorney's fees were necessary to "equalize attorney's fees in this case" and "level[] . . . the playing field."  According to Wife, without the "leveling of the playing field," the children's best interest will be trampled because of Husband's superior resources.  However, the children's best interest is not the operative standard for awarding fees under Section 105.001(a)(5); rather, the trial court must consider only whether the requested fees are necessary to protect the children's safety and welfare.  *See* Tex. Fam. Code Ann. § 105.001(a)(5); *In re Mansfield*, No. 04-19-00249-CV, 2019 WL 2439104, at *2 (Tex. App.—San Antonio June 12, 2019, orig. proceeding) (mem. op.).  Thus, a court may not award fees under Section 105.001(a)(5) in order to "level the playing field."  *Payne*, 2018 WL 1630933, at *2; *see Saxton*, 864 S.W.2d at 736.

[7]In her briefing in this court, Wife—relying on *McCain v. McCain*, 636 S.W.3d 679 (Tex. App.—Austin 2021, no pet.), and *Marcus v. Smith*, 313 S.W.3d 408 (Tex. App.—Houston [1st Dist.] 2009, no pet.)—argues that her lack of resources constitutes a "threat" to the children's safety and welfare because without the payment of the requested fees, she will be unable to advocate for the children's best interest.  This is plainly an attempt to dress up her request to "level the playing field" in the divorce proceeding in the clothing of a plea for protection of the children's safety and welfare pursuant to Section 105.001(a)(5).  However, as noted above, "leveling the playing field" is not a valid basis for awarding fees under Section 105.001(a)(5).  *See Payne*, 2018 WL 1630933 at *2; *Saxton*, 864 S.W.2d at 736.  Further, *McCain* and *Marcus* are distinguishable in that they are both modification cases involving fee awards pending appeal under Section 109.001(a)(5), which contains broader language than Section 105.001(a)(5).  *Compare* Tex. Fam. Code Ann. § 105.001(a)(5) (authorizing the court "to make a temporary order . . . for the safety and welfare of the child . . . for payment of reasonable attorney's fees and expenses"),

11

*Cf. T.M.F.*, 2010 WL 974577, at *2 (noting that "any immediate threat to the health and safety of the children" had been effectively eliminated by the trial court's temporary orders). Further, while Wife's counsel vaguely testified that Wife was requesting fees for "work that's going to be done in the future for these kids," she provided no specifics regarding the nature of this work or what threats, if any, to the children's safety and welfare it would address.[8] Thus, Wife failed to meet her burden under Section 105.001(a)(5). *See Rogers*, 370 S.W.3d at 446; *Sartain*, 2008 WL 920664, at *2 n.2.

---

*with id.* § 109.001(a)(5) (stating that "the court may make any order necessary *to preserve and protect* the safety and welfare of the child *during the pendency of an appeal as the court may deem necessary and equitable*" (emphasis added)). Moreover, *McCain*, the primary case on which Wife relies to support her position, is factually distinguishable in that, unlike Wife, the mother in that case testified that she had exhausted all available credit and provided specific details concerning her budget and—crucially—how the children would be impacted if the court did not award her the requested fees. *See* 636 S.W.3d at 684–85.

[8]The trial court based the $15,000 fee award on Wife's counsel's estimate of the additional billable hours to be incurred through the end of the divorce proceeding. However, this additional work, which includes eight hours each for (1) conducting and supplementing discovery, (2) attending mediation, (3) preparing for trial, and (4) attending trial, plus an additional three hours for preparing final orders, would appear to pertain to both divorce-related and child-related matters. Wife's counsel made no attempt to distinguish between divorce-related work and child-related work in her estimate. Thus, even if Wife could show that some portion of this anticipated future work were necessary to protect the safety and welfare of the children, she certainly has not shown that the entire $15,000 fee award is necessary for that purpose. As the movant, it was Wife's burden to show the precise amount of fees necessary to protect the children's safety and welfare. *See Rogers*, 370 S.W.3d at 446.

12

Because Wife failed to present sufficient evidence to show that the children's safety or welfare was in jeopardy if the fees were not awarded,[9] the trial court abused its discretion by ordering Husband to pay Wife interim attorney's fees pursuant to Section 105.001(a)(5). *See Rogers*, 370 S.W.3d at 448; *see also In re O'Connor*, No. 03-21-00159-CV, 2021 WL 3868758, at *2–3 (Tex. App.—Austin Aug. 31, 2021, orig. proceeding) (mem. op.); *Mansfield*, 2019 WL 2439104, at *3; *Payne*, 2018 WL 1630933, at *3; *cf. In re Jenkins*, No. 10-21-00169-CV, 2021 WL 4080260, at *3 (Tex. App.—Waco Sept. 8, 2021, orig. proceeding) (mem. op.) (directing trial court to vacate order awarding fees under Section 109.001(a)(5) of the Texas Family Code

---

[9]Wife argues that because, in considering Wife's fee motion, the trial court took judicial notice of its file and prior proceedings, including three previous evidentiary hearings held between August 2021 and October 2022, and Husband has not filed a record of these prior hearings with this court, we must presume that the evidence supports the trial court's order awarding fees. First, we note that it is unclear exactly what the trial court judicially noticed. At one point the trial court stated, "I've already taken judicial notice of the Court's file. But as to any testimony that took place, certainly, I would not be aware of it." Second, a trial court may not take judicial notice of testimony from prior proceedings in the same case. *Guyton v. Monteau*, 332 S.W.3d 687, 692–93 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see* Tex. R. Evid. 201–04; *Garza v. State*, 996 S.W.2d 276, 280 (Tex. App.—Dallas 1999, pet. ref'd) ("[T]rial testimony is a mutable product of human memory and subject to different interpretations. It does not carry the high degree of indisputability required to justify taking judicial notice."). "When evidence is the subject of improper judicial notice, it amounts to no evidence." *Guyton*, 332 S.W.3d at 693 (first citing *Augillard v. Madura*, 257 S.W.3d 494, 503 n.14 (Tex. App.—Austin 2008, no pet.); and then citing *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 540 (Tex. App.—San Antonio 2004, pet. denied)). Thus, far from presuming that the evidence presented at these prior hearings supports the trial court's order, we hold that the trial court abused its discretion to the extent that it relied upon any such evidence in ruling on Wife's fee motion. *See id.* at 692.

because "[t]here was no evidence that the children's safety or welfare was at stake or in jeopardy if the attorney's fees were not awarded").

## D. Does Husband Have an Adequate Remedy by Appeal?

Temporary orders issued pursuant to Family Code Section 105.001, such as the one here, "are not subject to interlocutory appeal." Tex. Fam. Code Ann. § 105.001(e). Accordingly, "[w]hen a trial court abuses its discretion in the issuance of temporary orders in a [suit affecting the parent–child relationship], mandamus relief is proper because there are no adequate appellate remedies." *O'Connor*, 2021 WL 3868758, at *1; *see also Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (holding mandamus to be an appropriate remedy because "the trial court's issuance of temporary orders is not subject to interlocutory appeal"); *Rogers*, 370 S.W.3d at 445 ("Assuming a clear abuse of discretion in a temporary order in a suit affecting the parent–child relationship, mandamus may lie on the basis that there are no appellate remedies that are considered adequate."); *T.M.F.*, 2010 WL 974577, at *2 ("Mandamus is a proper remedy to attack issuance of a temporary order issued in a custody case because such orders are not subject to interlocutory appeal."). Moreover, because the trial court's order required immediate payment of the fees and there is no guarantee that Husband would be able to claw back the fees once paid, a successful appeal of the order would not necessarily make Husband whole. *Cf. In re Mansour*, 630 S.W.3d 103, 105 (Tex. App.—San Antonio 2020, orig. proceeding) ("When, as here, a trial court's temporary orders under [S]ection 109.001 require the

14

immediate payment of attorney's fees, review of the award during a pending appeal does not provide an adequate remedy at law." (quoting *Mansfield*, 2019 WL 2439104, at *2)); *In re Jafarzadeh*, No. 05-14-01576-CV, 2015 WL 72693, at *1 (Tex. App.—Dallas Jan. 2, 2015, orig. proceeding) (mem. op.) ("[B]ecause the trial court's order requiring interim payments of attorney's fees during appeal is not conditioned on successful appeal and thus requires immediate compliance, consideration of relator's complaint before the determination of the appeal of the final judgment is appropriate."). Therefore, Husband lacks an adequate remedy by appeal, and mandamus review is appropriate.[10]

## IV. CONCLUSION

Because the trial court clearly abused its discretion by awarding Wife interim attorney's fees pursuant to Section 105.001(a)(5) and because Husband has no adequate remedy by appeal, Husband is entitled to mandamus relief. Accordingly, we conditionally grant a writ of mandamus and direct the trial court to vacate its

---

[10]Citing *In re Ford Motor Co.*, 988 S.W.2d 714, 722 (Tex. 1998) (orig. proceeding), and *In re Chu*, 134 S.W.3d 459, 468 (Tex. App.—Waco 2004, orig. proceeding), Wife argues that mandamus review of an interim fee award is appropriate only in extreme cases in which a party's ability to prosecute the case is jeopardized by having to pay—or being unable to pay—the fees. However, these cases are distinguishable. *Ford* did not concern temporary fees awarded in a suit affecting the parent–child relationship; rather, it involved attorney's fees issued as a discovery sanction under Rule 215 of the Texas Rules of Civil Procedure. 988 S.W.2d at 718, 720–21. Moreover, the fees at issue in *Chu* were awarded to an attorney ad litem pursuant to Section 107.015 of the Family Code. 134 S.W.3d at 467–68. Wife has not cited any cases extending *Ford*'s or *Chu*'s reasoning to proceedings concerning interim fees awarded under Section 105.001(a)(5), and we decline to do so here.

15

October 20, 2022 "Order on Petitioner's Motion for Interim Attorney's Fees." *See*

Tex. R. App. P. 52.8(c). Our writ will issue only if the trial court fails to comply.

/s/ Dana Womack

Dana Womack
Justice

Delivered: December 22, 2022