**Joelle OGLETREE, Appellant,**

v.

**GLEN ROSE INDEPENDENT SCHOOL DISTRICT,**
**Appellee.**

No. 10–05–00403–CV.

Court of Appeals of Texas,
Waco.

May 2, 2007.

Harold Dean Jones, Anderson & Jones PLLC, Dallas, for appellant.

Thomas E. Myers, Brackett & Meyers, Fort Worth, for appellee.

Before Chief Justice GRAY, JUSTICE VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

Ogletree brought suit against the Glen Rose Independent School District for breach of an employment contract, violations of Title 42 United States Code Section 1983, defamation, and other tort claims. *See* 42 U.S.C. § 1983 (2000). The trial court sustained the District's plea to the jurisdiction. Ogletree appeals. We affirm in part, and reverse and remand in part.

***Jurisdiction.*** In Ogletree's first four issues, she contends that the trial court erred in sustaining the District's plea to

the jurisdiction as to Ogletree's contract claim and claim under Section 1983.

 "Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo.*" *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex. 2004) (citing *Tex. Natural Res. Conserv. Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002)). "When a plea to the jurisdiction challenges the pleadings, . . . [w]e construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent." *Miranda* at 226. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. . . ." *Id.* at 227. "When we consider evidence in this context, 'we take as true all evidence favorable to the nonmovant [*i.e.,* the plaintiff]. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Lopez,* 183 S.W.3d 825, 827 (Tex.App.-Waco 2005, pet. granted on other grounds) (quoting *Miranda* at 228) (alteration in *Lopez* ).

The District's plea to the jurisdiction raised several jurisdictional grounds: [1]

(1) The District argues generally that Ogletree's claims are barred by governmental immunity.

(2) The District argues specifically that Ogletree's claims for defamation, gross negligence, and breach of the duty of good faith and fair dealing do not fall within the Texas Tort Claims Act's waiver of governmental immunity for school districts for the use of a motor vehicle. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.051 (Vernon 2005); *id.* § 101.021(1)(A) (Vernon 2005); *id.* §§ 101.001–101.109 (Vernon 2005 & Supp.2006).

(3) The District argues that Ogletree failed to exhaust her administrative remedies.

*Breach of Contract.* Ogletree's first and second issues concern her claim for breach of contract. In Ogletree's first issue, she contends generally that her "pleadings conferred jurisdiction on the court." (Br. at 5.) In Ogletree's second issue, she contends specifically that the District did not

---

1. The District also raised limitations. "[T]he law in this state," however, "is clear that statutes of limitations are not jurisdictional." *In re Marriage of Collins,* 870 S.W.2d 682, 685 (Tex.App.-Amarillo 1994, writ denied); *see Tex. Dep't of Transp. v. Beckner,* 74 S.W.3d 98, 103 (Tex.App.-Waco 2002, no pet.). The District argues, "Statute of limitations claims are not ordinarily raised in a Plea to the Jurisdiction, but use of a plea in bar has been held to be procedurally sufficient to support pre-trial dismissal in limited situations where determination of a legal question is dispositive of the case in its entirety, even if summary judgment would have been a preferred method of disposition." (Br. at 8 (citing *Martin v. Dosohs I, Ltd.,* 2 S.W.3d 350 (Tex.App.-San Antonio 1999, pet. denied))); *see Cohen v. Cohen,* 632 S.W.2d 172, 173–74 (Tex.App.-Waco 1982, no writ). Here, however, limitations would not have disposed of at least Ogletree's defama-

tion claim, which alleged that the District "continues to make on an ongoing basis" defamatory statements up until the time of filing of Ogletree's amended petition. (I C.R. at 27.)

Ogletree also pleaded several other causes of action the dismissal of which she does not complain of on appeal. To the extent that Ogletree does not attack the independent grounds raised in the plea as to Ogletree's other causes of action, we affirm. *See Fox v. Wardy,* No. 08-04-00114-CV, 2005 WL 1791589, at *2, 224 S.W.3d 300, 304 (Tex. App.-El Paso 2005, pet. denied); *Juarez v. Miller,* No. 05-04-01305-CV, 2005 Tex.App. LEXIS 4331, at *2, 2005 WL 1331650, at *1 (Tex.App.-Dallas June 7, 2005, pet. denied) (mem.op.); *Britton v. Tex. Dep't of Crim. Justice,* 95 S.W.3d 676, 680–81 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

have governmental immunity from Ogletree's contract claim.

◼ The District "acknowledges that, at least according to the supreme court's dicta, the Legislature may have waived the School District's immunity for Appellant's breach of contract claim in this case." (Supp. Br. at 3 (citing *Tooke v. City of Mexia,* 197 S.W.3d 325, 329 (Tex.2006)).) A school district that validly enters into a contract generally "waives sovereign immunity for the purpose of adjudicating a claim for breach of the contract." Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005); *see id.* § 271.151(3)(B) (Vernon 2005); *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 326–28 (Tex.2006); *City of Houston v. Boyer, Inc.,* 197 S.W.3d 393, 393 (Tex.2006) (per curiam). We assume without deciding that governmental immunity is waived for Ogletree's contract claims.

◼ The District's plea to the jurisdiction contended that Ogletree failed to exhaust her administrative remedies. "[A] plaintiff's failure to exhaust administrative remedies may deprive courts of subject matter jurisdiction in the dispute." *Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998) (per curiam); *see Matagorda County Appraisal Dist. v. Coastal Liquids Partners, L.P.,* 165 S.W.3d 329, 331 (Tex.2005); *Van Indep. Sch. Dist. v. McCarty,* 165 S.W.3d 351, 354 (Tex.2005); *Univ. of Tex. Sw. Med. Ctr. v. Loutzenhiser,* 140 S.W.3d 351, 361 (Tex. 2004). "[E]xhaustion of administrative remedies generally requires compliance" with administrative procedures. *Van Indep. Sch. Dist.* at 354. "[A] party must exhaust administrative remedies as a prerequisite to a trial court's jurisdiction in a case involving the administration of school laws and disputed fact issues." *Vela v. Waco Indep. Sch. Dist.,* 69 S.W.3d 695, 698 (Tex.App.-Waco 2002, pet. withdrawn) (citing *Tex. Educ. Agency v. Cypress–Fairbanks I.S.D.,* 830 S.W.2d 88, 90 (Tex. 1992)); *see* Tex. Educ.Code Ann. § 7.057 (Vernon 2006); *Van Indep. Sch. Dist.* at 354. "[T]he doctrine of exhaustion of administrative remedies" applies "to the school employment context." *Vela* at 701; *see Van Indep. Sch. Dist.* at 354. "[A] teacher's claim of breach of his teaching-employment contract involves the administration of school laws and disputed fact issues, and thus, the teacher [i]s required to exhaust … administrative remedies … before looking to the courts for relief." *Vela* at 701 (citing *Godley Indep. Sch. Dist. v. Woods,* 21 S.W.3d 656, 660 (Tex.App.-Waco 2000, pet. denied)).

Ogletree pleaded that she had an employment contract with the District. The parties agree that if there was a contract it might either have been one subject to Texas Education Code Chapter 21 or one not subject to that statute. *See generally* Tex. Educ.Code Ann. §§ 21.001–21.707 (Vernon 2006). The District points to evidence of one of its grievance policies, and contends that under that policy Ogletree was required to "request a conference with the principal or immediate supervisor by submitting the grievance in writing on a form provided by the District," "within 15 days of the time the employee first knew or should have known of the event or series of events about which the employee is complaining," and that she failed to do so. (I C.R. at 110.) Expressly not subject to that policy, however, are "[g]rievances regarding termination of an employment contract governed by Chapter 21 of the Education Code." (*Id.* at 109.) As to Chapter 21 contracts, the District pointed to Subchapter F, which provides, "A teacher must file a written request for a hearing under this subchapter with the commis-

sioner" of education "not later than the 15th day after the date the teacher receives written notice of the proposed action." TEX. EDUC.CODE ANN. § 21.253; *see id.* § 5.001(3) (Vernon 2006). The parties do not argue, and we do not see, whether or when Ogletree received written notice of termination, which would start her timetable under Chapter 21.

■ Construing Ogletree's pleadings liberally in her favor and looking to her intent, taking as true all evidence favorable to her, and indulging every reasonable inference and resolving any doubts in her favor, we hold that the District does not establish that Ogletree failed to exhaust her administrative remedies on her breach-of-contract claims. We sustain Ogletree's second issue.

*Section 1983.* Ogletree's third and fourth issues concern her claims under Section 1983. In her third issue, she contends that there was no requirement that she exhaust administrative remedies under that claim. In Ogletree's fourth issue, she contends that school districts do not have governmental immunity for claims under Section 1983.

■ Texas courts have held that "local governmental entities, such as school districts, do not enjoy immunity from suit under section 1983." *Beresford v. Gonzalez,* No. 13–99–384–CV, 1999 Tex.App. LEXIS 8689, at *16 n. 5 (Tex.App.-Corpus Christi Nov. 18, 1999, no pet.) (not designated for publication) (citing *Leatherman v. Tarrant County Narcotics [Intelligence & Coordination ] Unit,* 507 U.S. 163, 166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)); *see Harris County v. Going,* 896 S.W.2d 305, 310 (Tex.App.-Houston [1st Dist.] 1995, writ denied) (citing *Tex. Educ. Agency v. Leeper,* 843 S.W.2d 41, 49 (Tex.App.-Fort Worth 1991), *aff'd in part & rev'd in part on other grounds,* 893 S.W.2d 432 (Tex.1994)); *but cf. Gebser v. Lago Vista*

*Indep. Sch. Dist.,* 524 U.S. 274, 301 n. 11, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998) (Stevens, J., dissenting). The District was not immune from suit under Section 1983. We sustain Ogletree's fourth issue.

■ Texas courts have held, moreover, that among the exceptions to the exhaustion requirement is that "the failure to exhaust administrative remedies" does not "deprive a trial court of jurisdiction over a section 1983 claim." *Dallas County v. Gonzales,* 183 S.W.3d 94, 109 (Tex.App.-Dallas 2006, pet. denied) (citing *Patsy v. Bd. of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)); *see also Felder v. Casey,* 487 U.S. 131, 146–47, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 773 (Tex.App.-Houston [14th Dist.] 1991, writ denied). Ogletree was not required to exhaust administrative remedies on her claim under Section 1983. We sustain Ogletree's third issue.

***Findings of Fact and Conclusions of Law.*** In Ogletree's fifth issue, she contends that the trial court erred in not making findings of fact and conclusions of law.

■ "As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion that ... complied with the requirements of the ... Texas Rules of Civil ... Procedure...." TEX.R.APP. P. 33.1(a). Rule of Civil Procedure 297 requires, "If the court fails to file timely findings of fact and conclusion of law, the party making the request shall ... file ... a 'Notice of Past Due Findings of Fact and Conclusions of Law'...." TEX.R. CIV. P. 297. "Failure to timely file past due notices under Rule 297 waives [the] right to findings of fact and conclusions of law." *Thomas v. Thomas,* 917 S.W.2d 425, 435 n.

6 (Tex.App.-Waco 1996, no writ); *accord In re G.R.W.*, 191 S.W.3d 896, 899 (Tex. App.-Texarkana 2006, no pet.) (child conservatorship); *Gaxiola v. Garcia*, 169 S.W.3d 426, 429 (Tex.App.-El Paso 2005, no pet.).

■■■ The record does not contain a notice of past-due findings and conclusions. Ogletree forfeits any error in the trial court's not filing findings and conclusions. We overrule Ogletree's fifth issue.

CONCLUSION. Having sustained Ogletree's second, third, and fourth issues, we reverse the trial court's judgment and remand as to Ogletree's breach-of-contract claim and claim under Section 1983, and otherwise affirm.