

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00368-CV

**W.E. DAVIS AND 1989 EAGLE TOUR BUS,**
**TX LP #W81-MKG,**

                              **Appellants**

 **v.**

**THE STATE OF TEXAS,**

                              **Appellee**

## From the 85th District Court
## Brazos County, Texas
## Trial Court No. 04-000446-CV-85

## O P I N I O N

      This is an appeal of a forfeiture of a bus that was allegedly used in the conspiracy for the murder of Tommy Andrade.  Because at the forfeiture hearing no evidence was properly introduced to show the use of the bus in the murder, we reverse the judgment of forfeiture.

*Overview*

      Willie Davis complains that the trial court improperly took judicial notice of the testimony of two criminal jury trials without the transcripts being offered into evidence

at the forfeiture proceeding. TEX. CODE CRIM. PROC. ANN. Ch. 59 (Vernon 2008). He then complains that the evidence without the judicially noticed testimony is legally and factually insufficient to support the granting of the forfeiture.

*Factual Background*

Willie Davis was convicted of capital murder by a jury. TEX. PEN. CODE ANN. § 19.03 (Vernon 2008). Willie Davis's son, Chad Davis, was also separately convicted of capital murder for the same incident. Willie Davis's other son, Trey Davis, pled guilty and was convicted of the offenses of robbery and burglary of a habitation for that same incident. The State of Texas filed a forfeiture action, alleging that a 1989 Eagle Tour Bus TX LP #W81 MKG owned by Willie Davis was used in the commission of that offense and therefore was contraband. TEX. CODE CRIM. PROC. art. 59.01 (Vernon 2008). The trial court granted the forfeiture after a hearing. In the alternative, the trial court awarded the bus to the First National Bank of Snook, the lien holder, in the event the forfeiture was improperly granted.

The only evidence presented to the trial court at the forfeiture proceeding by the State was the indictment, jury charge and judgment in the criminal case of Willie Davis and the judgments in the criminal cases of Chad Davis and Trey Davis. The trial court also took judicial notice of the testimony in the criminal trials of Willie Davis and Chad Davis, over which the trial court had presided. No transcripts of either trial were offered into evidence, and Willie Davis objected to the trial court taking judicial notice of the testimony given at the prior trials without the transcripts being offered into evidence. The State then rested its case, calling no witnesses to testify.

*Judicial Notice*

Texas Rule of Evidence 201 sets forth the procedure for the trial court to take judicial notice of adjudicative facts. TEX. R. EVID. 201. Section (b) describes the kinds of facts that may be judicially noticed:

> "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

TEX. R. EVID. 201(b).

In order to be judicially noticed, a fact must be a matter of common knowledge, verifiable without the necessity of an assessment of the truth and veracity of an interested witness in a particular case. *First National Bank of Amarillo v. Jarnigan*, 794 S.W.2d 54, 61 (Tex. App.—Amarillo 1990, writ denied). Testimony given during a trial is necessarily subject to an assessment as to the truth of the testimony and the honesty or bias of an interested witness.

The existence of the prior testimony is not what was judicially noticed, but rather it was the substance of the testimony, and specifically the testimony of how the bus was used in connection with the murder that was relevant to the forfeiture proceeding.

Testimony adduced during a criminal trial cannot be "generally known within the territorial jurisdiction of the trial court" and therefore the testimony would necessarily have to be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" under subsection (2). TEX. R. EVID. 201(b); *Garza v. State*, 996 S.W.2d 276, 279 (Tex. App.—Dallas 1999, pet. denied).

Assertions made by an individual, even under oath, are generally not the type of facts capable of accurate and ready determination by a source whose accuracy cannot reasonably be questioned. *Id*. at 279-80.

*Prior Testimony*

A trial court may generally take judicial notice of its own records in a case involving the same subject matter between the same or practically the same parties. *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274, 276 (Tex. 1961); *Briones v. Solomon*, 769 S.W.2d 312, 319 (Tex. App.—San Antonio 1989, writ denied); *Escamilla v. Estate of Escamilla*, 921 S.W.2d 723, 726 (Tex. App.—Corpus Christi 1996, writ denied).

However, testimony from a previous trial cannot be considered by the trial judge at a subsequent trial unless it is admitted into evidence at the subsequent proceeding. *FH1 Fin. Serv., Inc. v. Debt Settlement Am., Inc.*, No. 10-06-00199-CV, 2007 Tex. App. LEXIS 6502 at *4 (Tex. App.—Waco August 15, 2007, no pet.); *Escamilla*, 921 S.W.2d at 726 (citing *Amco Mesh & Wire Co. v. Stewart*, 474 S.W.2d 740, 741-42 (Tex. Civ. App.—Houston [1st Dist.] 1971, no writ)); *Traweek v. Larkin*, 708 S.W.2d 942, 946-47 (Tex. App—Tyler 1986, writ ref'd n.r.e.).

The trial judge's own memory of what the witness may have said at the prior proceeding is insufficient to substitute for an accurate and properly authenticated record of that testimony. *Escamilla*, 921 S.W.2d at 726. A fact is not capable of accurate and ready confirmation simply because a trial judge remembers that a witness testified to it in trial. *Garza*, 996 S.W.2d at 280. While a court may take judicial notice of the existence of the testimony in a co-defendant's trial, as the trial court did in this case, a

court may not take judicial notice of the truth of the factual content of that testimony because its accuracy can reasonably be questioned. *Resendez v. State*, 256 S.W.3d 315, 324 (Tex. App.—Houston [14th Dist.], pet. granted).

A trial judge may not even judicially notice testimony that was given at a temporary hearing in a family law case at a subsequent hearing in the same cause without admitting the prior testimony into evidence. *May v. May*, 829 S.W.2d 373, 376 (Tex. App.—Corpus Christi 1992, writ denied); *Wilson v. Wilson*, 132 S.W.3d 533, 538 (Tex. App.—Houston [1st Dist.], pet. denied). Further, while a court may judicially notice the existence of an affidavit in its file, it may not take judicial notice of the truth of the factual contents contained therein. *Jackson v. State*, 139 S.W.3d 7, 21 (Tex. App.—Fort Worth 2004, pet. ref'd).

Accordingly, in order for testimony at a prior hearing or trial to be considered at a subsequent proceeding, the transcript of such testimony must be properly authenticated and entered into evidence. *FH1 Fin.*, 2007 Tex. App. LEXIS 6502 at *4; *Briones*, 769 S.W.2d at 319; *Ex parte Turner*, 478 S.W.2d 256, 258 (Tex. Civ. App.—Houston [1st Dist.] 1972, orig. proceeding).

We note that an exception has been created for probation revocation cases allowing a trial court to properly take judicial notice of the prior proceedings. *Bradley v. State*, 564 S.W.2d 727, 729 (Tex. Crim. App. 1978); *Barrientez v. State*, 500 S.W.2d 474 (Tex. Crim. App. 1973). That exception, however, does not apply to this forfeiture proceeding.

In this forfeiture action, the trial court improperly took judicial notice of the testimony in the criminal trial of Willie Davis because it was not even yet transcribed prior to the judge's ruling on the forfeiture. The record of the testimony in the trial of Chad Davis had been transcribed prior to the hearing on the forfeiture and was therefore available to be offered into evidence, but was not.[1] Therefore, any testimony from those trials was not properly before the trial court at the forfeiture hearing and provides no evidence concerning the facts underlying the forfeiture action.

*Standard of Review*

In this case, findings of fact and conclusions of law were timely requested, but were not filed. TEX. R. CIV. PROC. 296. However, no further request was made pursuant to Texas Rule of Civil Procedure 297. TEX. R. CIV. PROC. 297. As such, any complaint about the trial court's failure to make the findings are waived. TEX. R. APP. PROC. 33.1(a); *Ogletree v. Glen Rose Indep. Sch. Dist.*, 226 S.W.3d 629, 633 (Tex. App.—Waco 2007, pet.). Where findings of fact and conclusions of law are not filed, we presume that the trial court made all the necessary findings to support the judgment. *Ogletree*, 226 S.W.3d at 633; *$10,052.00 in U.S. Currency v. State*, No. 2-04-307-CV, 2005 Tex. App. LEXIS 5145 (Tex. App.—Fort Worth June 30, 2005, pet. denied); *$162,950 in Currency of the United States v. State*, 911 S.W.2d 528, 529 (Tex. App.—Eastland 1995, writ denied).

---

[1] We have previously taken judicial notice of Cause No. 10-06-00009-CR, *Chad Davis v. State of Texas*, and Cause No. 10-07-00206-CR, *Willie Davis v. State of Texas*. We judicially note that the first reporter's record in Chad Davis's case was filed with this Court on June 7, 2006. We judicially note that the first reporter's record in Willie Davis's appeal was filed with this Court on October 4, 2007. An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties, but not for the purpose of considering testimony not shown in the record of the case before it. *Salinas v. State*, 542 S.W.2d 864, 867 (Tex. Crim. App. 1976); *Victory v. State*, 138 Tex. 285, 158 S.W.2d 760 (1942).

*Legal Sufficiency*

In a legal sufficiency review, "all of the record evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in that party's favor." *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). If more than a scintilla of evidence supports the challenged finding, the no-evidence challenge fails. *Formosa*, 960 S.W.2d at 48. When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

When conducting a legal sufficiency review in a criminal case, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The review of "all of the evidence" includes evidence that was properly and improperly admitted. *Id*.

However, a forfeiture action is a civil proceeding, and we do not consider the erroneously judicially noticed testimony in a legal sufficiency review in a civil case in order to determine whether there is no evidence of an issue. *May v. May*, 829 S.W.2d at 376. We must then determine if the trial court's error probably caused the rendition of an improper judgment and, therefore, was reversible error. TEX. R. APP. P. 44.1(a)(1).

To do so, we do not consider the substance of the judicially noticed testimony. *May*, 829 S.W.2d at 376.

### *Required Findings to Support Forfeiture*

In order to support a judgment granting a forfeiture pursuant to Chapter 59 of the Texas Code of Criminal Procedure, the State must prove by a preponderance of the evidence that the property seized is contraband. Contraband is:

> property of any nature, including real, personal, tangible, or intangible, that is:
> (A) used in the commission of:
> (i) any first or second degree felony under the Penal Code . . . .

TEX. CODE CRIM. PROC. art. 59.01(2) (Vernon 2008).

After the trial court determines that the seized property is contraband, the State must then establish, by a preponderance of the evidence, a substantial nexus or connection between the property to be forfeited and statutorily defined criminal activity. *State v. $11,014.00*, 820 S.W.2d 783, 785 (Tex. 1991); *Spurs v. State*, 850 S.W.2d 611, 614 (Tex. App.—Tyler 1993, writ denied). This nexus may be proved by circumstantial evidence. *$11,014.00*, 820 S.W.2d at 785.

The State does not have to prove that a specific crime was committed for a forfeiture to be properly granted. *Spurs*, 850 S.W.2d at 613; *$162,950 in Currency of the United States*, 911 S.W.2d at 529.

### *Other evidence*

The other evidence before the trial court other than the judicially noticed trial testimony establishes: (1) Willie Davis was indicted for capital murder; (2) the charge to

the jury in Willie Davis's case necessitated a finding beyond a reasonable doubt that Willie Davis was a conspirator in the capital murder; and (3) that he and his two sons received sentences in the Texas Department of Criminal Justice – Institutional Division resulting from their convictions. The only objection lodged to these documents by Willie Davis was the lack of finality of the cases of Willie Davis and Chad Davis as they were still on appeal. However, the forfeiture statute does not require a final conviction of a crime. TEX. CODE CRIM. PROC. ANN. art. 59.05(d) (Vernon 2008).

No evidence was presented by Willie Davis.

None of the exhibits offered into evidence make any mention of the 1989 Eagle Tour Bus. As such, there is no evidence that creates even a mere surmise or suspicion of a nexus between the illegal activity and the seized property. *See 1996 Cadillac v. State*, No. 2-07-017-CV, 2008 Tex. App. LEXIS 461 (Tex. App.—Fort Worth January 17, 2008, no pet.). It is apparent from the record that witnesses were available to testify at the hearing but were not called by the State after the judge erroneously took judicial notice of the testimony. We find the evidence is legally insufficient to sustain the trial court's judgment and therefore the error probably caused the rendition of an improper judgment. Generally, if we sustain a challenge to legal sufficiency, it is our duty to render judgment for the appellant. *Vista Chevrolet v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986); *National Life Accident Insurance Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex. 1969). We sustain Willie Davis's first issue, and because of this, we do not reach his second and third issues.

*Conclusion*

We find that the trial court erred when it took judicial notice of prior testimony without admitting a transcript of it into evidence in the forfeiture proceeding and that this error caused the rendition of an improper judgment. By disregarding that evidence, we find that the evidence is legally insufficient to establish that the 1989 Eagle Tour Bus TX LP #W81 MKG is contraband. We therefore reverse the trial court's granting of the forfeiture of the tour bus and render judgment that the 1989 Eagle Tour Bus is not forfeited to the State. TEX. R. APP. P. 43.3. We do not, however, reverse or set aside that part of the order granting judgment in favor of the lien holder First Bank of Snook as that part of the judgment has not been challenged in this appeal. TEX. R. APP. PROC. 38.1(f).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Reversed and rendered in part; affirmed in part
Opinion delivered and filed July 15, 2009
[CV06]