COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Donald Young, Doris Young, and Donna Holcomb v. Chris Di
                            Ferrante

Appellate case number:      01-12-00678-CV

Trial court case number:    CV0052700C

Trial court:                County Court at Law No 3 of Galveston County

Appellants, Donald Young, Doris Young, and Donna Holcomb, have filed a "Motion to Review Trial Court's Decision Sustaining Contest Pursuant to [Texas Rule of Appellate Procedure] 20.1(J)(1) Outside the Time Allotted for a Hearing and Without Conducting a Hearing." Appellee has filed a response, asserting that the Court lacks jurisdiction over the appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). To be considered timely, a motion for new trial must be filed within 30 days after the judgment is signed. TEX. R. CIV. P. 329b(a).

The record reflects that the trial court signed the final judgment on April 11, 2012. A motion for new trial was due by May 11, 2012. *See id.* The parties dispute whether a motion for new trial was timely filed.

Appellants assert that their motion for new trial was timely filed under Rule of Appellate Procedure 9.2. *See* TEX. R. APP. P. 9.2 ("the mailbox rule"). Under Rule 9.2(b), a document received within 10 days after the filing deadline is considered timely if it was sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail, and it was deposited in the mail on or before the last day for filing. *See id.* A legible postmark affixed by the United States Postal Service is conclusive proof of the date of mailing. *See id.*

Although the clerk's record in this appeal does not contain a copy of the envelope in which appellants assert they mailed their motion for new trial, appellants request that the Court take judicial notice of the copy of the envelope contained in the clerk's record filed in this Court in the companion appeal, 01-12-00679-CV. Appellants assert that their motions for new trial in

both this appeal and the companion appeal were mailed together in the same envelope and that the envelope was apparently only copied into the clerk's record in the companion appeal.

We may take judicial notice of our own records involving the same parties and same subject matter. *See Office of Pub. Util. Counsel v. Pub. Util. Com'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994) (holding that court of appeals has power to take judicial notice for first time on appeal); *Douglas v. Am. Title*, 196 S.W.3d 876, 878 n.1 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Davis v. State*, 293 S.W.3d 794, 798 n.1 (Tex. App.—Waco 2009, no pet.) ("An appellate court may take judicial notice of its own records in the same or related proceedings involving the same or nearly the same parties.")). The Court takes judicial notice of the envelope in the clerk's record on file in this Court in cause number 01-12-00679-CV, as requested.

The clerk's record contains a motion for new trial and an envelope addressed to the Galveston County Clerk, clearly bearing a United States Postal Service postmark of May 11, 2012 and reflecting that the envelope was mailed first-class. *See* Tex. R. App. P. 9.2. The Galveston County Clerk file-stamped the envelope on May 15, 2012, which reflects that it was received within 10 days after the filing deadline. *See id.* We conclude that appellants' motion for new trial was timely filed.

Because appellants' motion for new trial was timely filed, their notice of appeal was due by July 10, 2012. *See* Tex. R. App. P. 26.1(a). Appellants filed their notice of appeal on July 13, 2012. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the 15-day extension period provided by Rule 26.3. *See* Tex. R. App. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Therefore, the Court concludes that it has jurisdiction over the appeal.

On July 13, 2012, appellants, Donald Young, Doris Young, and Donna Holcomb, each filed an affidavit of indigence in the trial court in the above-referenced appeal. Contests were timely filed. *See* Tex. R. App. P. 20.1(e). Within 10 days after a contest was filed, the trial court was required either to conduct a hearing or to sign an order extending the time (no more than 20 days) to conduct the hearing, and to sign an order within the time prescribed for the hearing. *See* Tex. R. App. P. 20.1(i)(2)-(4). The clerk's record does not reflect that the trial court timely conducted a hearing, signed an order extending the time to conduct the hearing, or ruled on the contest within the period prescribed. *See id.* The clerk's record reflects that the trial court cancelled the hearing. Therefore, the allegations in the affidavits are deemed true, and appellants are entitled to proceed on appeal without advance payment of costs. Tex. R. App. P. 20.1(i)(4).

The Clerk of this Court is **ORDERED** to make an entry in this Court's records that appellants are indigent and are allowed to proceed on appeal without advance payment of costs.

The clerk's record has been filed.

It is **ORDERED** that the court reporter file with this Court, within 30 days of the date of this order and at no cost to appellants, the reporter's record in the appeal, or file an information sheet certifying that none exists. *See* Tex. R. App. P. 20.1(k).


Judge's signature: /s/ Jane Bland

☑ Acting individually     ☐ Acting for the Court

Date: November 13, 2012