

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00040-CV

## IN THE INTEREST OF H.H. & C.H., CHILDREN

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 20-06-21059-CV**

## MEMORANDUM OPINION

Amanda T. appeals from a judgment that terminated her parental rights to her children, H.H. and C.H. Although Amanda's rights were terminated based on the trial court's findings that she committed the predicate acts in Section 161.001(b)(1)(D), (E), (O), and (P), Amanda complains solely that the evidence was legally and factually insufficient pursuant to Section 161.001(b)(1)(D) and (E) only and asks that those grounds be deleted from the judgment.[1] She does not challenge the sufficiency of the evidence as to the other

---

[1] Although only one ground is necessary to support the termination of parental rights, because of the concern of collateral consequences in the future, we are required to consider the sufficiency of the evidence pursuant to Section 161.001(b)(1)(D) or (E) if raised on appeal. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) (explaining that only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination); *see also In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (per curiam) (explaining that an appellate court must address issues raised challenging the trial court's finding as to subsections (D) or (E) because termination pursuant to those subsections may have implications for a parent's parental rights to other children).

two grounds or that termination was in the children's best interest. Because we find that the evidence was sufficient for the trial court to have found that she committed the predicate act in Section 161.001(b)(1)(E), we affirm the judgment of the trial court in its entirety.

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002). The trial court is the sole arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014).

## FAMILY CODE SECTION 161.001(b)(1)(E)

Section 161.001(b)(1)(E) allows termination of parental rights if the trial court finds by clear and convincing evidence that the parent "engaged in conduct or knowingly placed the child[ren] with persons who engaged in conduct which endangers the physical or emotional well-being of the child[ren]." TEX. FAM. CODE ANN. § 161.001(b)(1)(E). "Endanger" means "to expose a child to loss or injury, or to jeopardize a child's emotional or mental health." *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996) (per curiam). An endangerment finding often involves physical endangerment, but it is not necessary to

show that the parent's conduct was directed at the children or that the children suffered actual injury. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). "Rather, the specific danger to the children's well-being may be inferred from the parent's misconduct alone." *Id*. In our endangerment analysis pursuant to Section 161.001(b)(1)(E), we may consider conduct both before and after the Department removed the children from their parent. *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

A parent's mental instability may contribute to a finding that the parent engaged in a course of conduct that endangered a child's physical or emotional well-being. *In re T.G.R.-M.*, 404 S.W.3d 7, 14 (Tex. App.—Houston [1st Dist.] 2013, no pet.) Evidence of domestic violence may be considered as evidence of endangerment under subsection (E). *In re K-A.B.M.*, 551 S.W.3d 275, 286 (Tex. App.—El Paso 2018, no pet.). Evidence of a parent's drug usage, or evidence that another parent allowed a child to be around a parent or other persons using drugs, is evidence of endangerment. *Dupree v. Texas Dep't of Prot. & Reg. Servs.*, 907 S.W.2d 81, 84-86 (Tex. App.—Dallas 1995, no writ). In general, a parent's conduct that subjects children to a life of uncertainty and instability endangers the physical and emotional well-being of those children. *Boyd,* 727 S.W.2d at 531.

The children, ages 16 and 17 at the beginning of these proceedings, were residing with other caregivers because Amanda, by her own admission, was unable to care for them due to her mental health issues, illegal drug use, and lack of a residence with electricity and running water. However, at the time this proceeding was initiated,

Amanda was threatening to remove both of them from their placements, neither of whom had the legal right to possession of the children. H.H.'s caregiver did have a medical and educational power of attorney for H.H.

While living with their parents, the children had been exposed to domestic violence between Amanda and her husband at least one time according to one of the children. Amanda told the caseworker that her husband was arrested on a blue warrant after a domestic violence incident at their residence. The children had also been forced to provide urine samples for Amanda and others to use to pass drug tests when needed. There was a no-contact order entered during the proceedings due to messages from Amanda which were emotionally harmful that had been relayed to H.H. by an older sibling who was over 18 but attended the same high school as H.H. and C.H.

Amanda told the caseworker more than once that she did not want the children returned to her and would not participate in any services to attempt to have the children returned to her. She also informed the caseworker a month prior to the final trial that she was still using illegal drugs and did not have a home with running water or electricity for the children if they were returned to her. During these proceedings, Amanda also did not attempt to address the mental health issues that led her to believe that the children were not safe in her home, even though those services were offered by the Department. Amanda did not attend the final hearing and no controverting evidence was presented

to refute any of the Department's allegations.[2] H.H. and C.H. both requested that their parent's rights be terminated. We find that, while the Department could have presented more evidence regarding these issues, the evidence was still legally and factually sufficient for the trial court to have found that Amanda "engaged in conduct … which endanger[ed] the physical or emotional well-being of the child[ren]." TEX. FAM. CODE ANN. § 161.001(b)(1)(E). We overrule Amanda's second issue. Because we have found the evidence sufficient pursuant to Section 161.001(b)(1)(E), we do not address Amanda's first issue.

**CONCLUSION**

Having found no error that requires an alteration of the judgment, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed May 27, 2021
[CV06]



---

[2] Amanda argues that although the trial court took judicial notice of all of the contents of its file, it was not allowed to consider it for the truth of the matters asserted in the contents of the file and cites to this Court's opinion in *Davis v. State*, 293 S.W.3d 794 (Tex. App.—Waco 2009, no pet.) as support of its proposition. However, Amanda's counsel specifically stated, "No objection" when the trial court asked the parties if they objected to the trial court taking judicial notice of "all of the contents" of its file. Because Amanda did not object to the trial court's taking judicial notice, the scope of the trial court's judicial notice was not limited, and Amanda has waived any complaint to the trial court's determination. *See* TEX. R. APP. P. 33.1(a).