

# NUMBERS 13-21-00015-CR & 13-21-00016-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE CECIL ADICKES

**On appeal from the 147th District Court
of Travis County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

In appellate cause numbers 13-21-00015-CR and 13-21-00016-CR, appellant Cecil Adickes appeals the trial court's revocation of his outpatient or community-based treatment and supervision. By one issue, Adickes contends that the evidence is insufficient to conclude that he will become likely to cause serious harm to another as required by Article 46C.266(b) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.266(b) (establishing the parameters which allow revocation of an acquitted person's outpatient community treatment and supervision). We reverse and

remand.[1]

## I.   BACKGROUND

In two causes, Adickes was found not guilty by reason of insanity (NGRI) of one count of assault on a public servant and one count of assault on a security officer. *See* TEX. PENAL CODE ANN. § 22.01(b)(1), (b)(4). The trial court determined that Adickes committed an act that constituted the attempt or threat of serious bodily injury to another person, and Adickes was ordered to undergo inpatient treatment at a maximum-security unit. In 2020, after finding that outpatient care was appropriate, the trial court ordered Adickes released from inpatient care and placed him on outpatient treatment and supervision. Subsequently, after absconding from his outpatient treatment, Adickes was taken into custody, and the State filed a motion to revoke his community-based supervision. The trial court held a hearing on December 16, 2020, where the case supervisor testified that Adickes had left his outpatient care; Adickes testified acknowledging that he had left his treatment facility. The trial court found that Adickes "violated the terms of his release," revoked his outpatient care, and ordered Adickes back to inpatient treatment. This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 46C.270 (providing that an acquitted person may appeal from "an order modifying or revoking an Order for Outpatient or Community-Based Treatment and Supervision entered under Article 46C.266 or refusing a request to modify or revoke that order").

---

[1] These cases are before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

## II.    APPLICABLE LAW AND STANDARD OF REVIEW

A trial court must order that a person acquitted due to insanity be committed to inpatient treatment or residential care if it is established at a hearing that: (1) "the person . . . has a severe mental illness or mental retardation"; (2) that mental illness or mental retardation will likely result in the person causing serious bodily injury to another without treatment and supervision; and (3) "inpatient treatment or residential care is necessary to protect the safety of others." TEX. CODE CRIM. PRO. ANN. art. 46C.253(b)(1– 3). "The order of commitment to inpatient treatment or residential care expires on the 181st day following the date the order is issued but is subject to renewal . . . . " *Id.* art. 46C.256(a). Once requested, the trial court must hold a hearing to determine if it will modify the commitment order to direct outpatient treatment and supervision. *Id.* art. 46C.256(c). The trial court shall modify the commitment order and order outpatient care "if at the hearing the acquitted person establishes by a preponderance of the evidence that treatment and supervision can be safely and effectively provided as outpatient or community-based treatment and supervision." *Id.* art. 46C.262(f). The trial court may modify or revoke court-ordered outpatient treatment and supervision if, at a hearing, the State establishes by clear and convincing evidence that the acquitted person: (1) "failed to comply with the regimen in a manner or under circumstances indicating the person will become likely to cause serious harm to another if the person is provided continued outpatient or community-based treatment and supervision"; or (2) "has become likely to cause serious harm to another if provided continued outpatient or community-based

3

treatment and supervision." *Id.* art. 46C.266(b). If the State makes this showing, the trial court "may take any appropriate action, including . . . ordering the person committed for inpatient or residential care." *Id.* art. 46C.266(c)(1).

The clear and convincing standard is an intermediate standard, falling between the preponderance standard of ordinary civil proceedings and the reasonable doubt standard of criminal proceedings. *Rodriquez v. State*, 525 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam)). "While the proof required under this standard must weigh more heavily than merely the greater weight of the credible evidence, there is no requirement that the evidence be unequivocal or undisputed." *Id.* A clear and convincing standard of review of the sufficiency of the evidence requires that "we review all of the evidence in the light most favorable to the finding to determine whether a reasonable factfinder could have formed a firm belief or conviction that the finding was true." *Id.* (citing *State v. K.E.W.*, 315 S.W.3d 16, 20 (Tex. 2010)). "We resolve disputed fact questions in favor of the finding if a reasonable factfinder could have done so, and we disregard all contrary evidence unless a reasonable factfinder could not have done so." *Id.* The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005)).

## III. DISCUSSION

Adickes contends that the State failed to provide any evidence supporting a finding that he failed to comply with the order of outpatient care in a manner or under circumstances indicating he will become likely to cause serious harm to another if he is provided continued outpatient or community-based treatment and supervision. Therefore, the evidence is legally insufficient to support the trial court's revocation of his outpatient care. The State responds that it proved by clear and convincing evidence that Adickes's outpatient treatment should be revoked because: (1) Adickes left his outpatient treatment without authorization; (2) the State's witness testified that someone allegedly found a substance resembling synthetic marihuana among Adickes's possessions; (3) Adickes was found unresponsive outside of the treatment facility; (4) the State could not verify that Adickes took his medication and did not use illegal substances due to his absence from the program; and (5) Adickes shouted "bullshit" during the revocation hearing.

In the context of civil commitment, the Texas Supreme Court noted that a finding that a person "is likely to cause serious harm to others" pursuant to Texas Health and Safety Code § 574.034(a)(2) "requires evidence of a recent act . . . , either physical or verbal, that can be objectively perceived and that is to some degree probative of a finding that serious harm to others is probable if the person is not treated." *K.E.W.*, 315 S.W.3d at 24; *see* TEX. HEALTH & SAFETY CODE ANN. § 574.034(a)(2). None of the evidence presented at the revocation hearing and cited by the State rises to the level which would produce in the mind of the trier of fact a *firm belief* or conviction that Adickes is or will

5

become likely to cause *serious* harm to *another* if he is continued on outpatient treatment. Instead, the evidence presented merely proved that Adickes committed two prior violent acts, was found NGRI, was admitted to inpatient care, was released from inpatient treatment, was placed on outpatient treatment, failed to comply with his outpatient treatment, possessed something resembling synthetic marihuana, suffered a medical emergency requiring a hospital visit, did not communicate with the outpatient services and probation office, and interrupted the revocation hearing by shouting "bullshit." Moreover, there is no evidence in the record that Adickes stopped taking his medication while he was not in outpatient care or that he used illegal substances.[2] Importantly, no evidence was presented that Adickes engaged in any behavior which would lead to a firm belief that he would become or was a danger to another person when he absconded from his treatment facility.[3] *See K.E.W.*, 315 S.W.3d at 26 (finding that the patient's statements regarding his belief that he had an assignment to impregnate specific women, seeking access to specific females, his written plans detailing his mission with specific women who he firmly believed he needed to impregnate, and his verbal insistence on searching for the women, were all overt acts that supported the patient would likely "cause serious

---

[2] The State claims that the trial court could have inferred that Adickes used synthetic marihuana from the State's witness's testimony that he possessed something resembling synthetic marijuana. However, the State cites no authority, and we find none, providing that use of synthetic marihuana under these circumstances constitutes clear and convincing evidence that Adickes is or will become likely to cause serious harm to another.

[3] The State could have also met its burden by showing that Adickes has become likely to cause serious harm to another if provided continued outpatient or community-based treatment and supervision. However, given that we conclude the State failed to prove by clear and convincing evidence that Adickes will become likely to cause serious harm to another if continued on outpatient care, the State also failed to provide evidence under this heightened standard.

6

harm to others."). Accordingly, we conclude that the evidence is legally insufficient to support by clear and convincing evidence that Adickes's noncompliance with outpatient care was in a manner or under circumstances showing that Adickes will become likely to cause *serious* harm to *another* if he is continued on outpatient treatment.

The State further argues that the trial court took judicial notice of Adickes's past behavior, and his violent history taken with the above evidence proves by clear and convincing evidence that Adickes's non-compliance was made in a manner or under circumstances indicating that he would become likely to cause serious harm to another if kept on outpatient care. "In order to be judicially noticed, a fact must be a matter of common knowledge, verifiable without the necessity of an assessment of the truth and veracity of an interested witness in a particular case." *Davis v. State*, 293 S.W.3d 794, 797 (Tex. App.—Waco 2009, no pet.). Judicial notice cannot be matters which were heard in a prior criminal trial, "i.e., that certain witnesses gave certain testimony." *Bradley v. State*, 564 S.W.2d 727, 731 (Tex. Crim. App. 1978). The record must clearly reflect the precise matter judicially noticed. *Id.* at 733.

Here, the record is not clear regarding what, if anything, the trial court judicially noticed. *See id.* In addition, it is unknown whether any judicially noticed evidence was of common knowledge, verifiable without the necessity of an assessment of the truth and veracity of an interested witness in this case. *See Davis*, 293 S.W.3d at 797. Therefore, the evidence judicially noticed is unknown to this Court, and we will not rely on anything not properly admitted at the revocation hearing. Having found the evidence legally

7

insufficient to support revocation of Adickes's outpatient care, we sustain his sole issue.

## IV. CONCLUSION

We reverse the trial court's judgments in both appellate causes and remand to the

trial court for proceedings consistent with this memorandum opinion.


JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
18th day of August, 2022.