

**IN THE
TENTH COURT OF APPEALS**

No. 10-22-00062-CV

**IN THE INTEREST OF P.R., A CHILD**

**From the 82nd District Court
Robertson County, Texas
Trial Court No. 20-02-20969-CV**

## MEMORANDUM OPINION

Phillip appeals from a judgment that terminated his parental rights to his child, P.R. TEX. FAM. CODE ANN. §161.001. Phillip complains that the trial court erred by not making a finding that there were extraordinary circumstances to extend the jurisdiction of the court pursuant to Section 263.401(b) and therefore, the judgment is void, and, in the alternative, that the evidence was legally and factually insufficient for the trial court to have found that he committed the predicate acts in Section 161.001(b)(1)(D) (endangering conditions) and (E) (endangering conduct) upon which the termination was based. Because we find no reversible error, we affirm the judgment of the trial court.

**SECTION 263.401(b) EXTENSION**

In his first issue, Phillip argues that the judgment terminating his parental rights was void because it was signed after the trial court lost jurisdiction over the proceedings due to the failure to make the finding of extraordinary circumstances necessary to extend the trial court's jurisdiction pursuant to Section 263.401(b) of the Family Code.

This proceeding was initially set for trial on January 29, 2021, with a dismissal date of February 15, 2021. The parties appeared at the scheduled time, but a motion for extension was heard. In a written setting notice sent a few days after the scheduled trial date, the case was reset for a trial on April 28, 2021. There is no question that this reset notice was sent before the original dismissal date.

There was a hearing conducted on the record on January 29, 2021, during which the department's motion for extension was discussed. However, the reporter's record of the hearing was unable to be transcribed due to technological problems with the court reporter's equipment. The electronic file of the reporter's notes was corrupted and could not be recovered or transcribed.

This Court abated this proceeding for the trial court to conduct a hearing pursuant to Rule 34.8(f) of the Rules of Appellate Procedure. At the abatement hearing, the trial court made findings as to the lost or destroyed record of the January 29, 2021 hearing. At the abatement hearing, the parties discussed their recollection of the January hearing and attempted to make an agreement as to what had occurred. The parties, including trial

counsel for Phillip and the trial judge, agreed that extraordinary circumstances existed that led to the trial court granting the extension, but the parties could not recall whether or not the trial court expressly made a finding on the record at the January hearing that extraordinary circumstances existed. The trial court made a finding after the hearing that he did not expressly state on the record during the January hearing that extraordinary circumstances existed but that such a finding was implied.

Family Code Section 263.401(a) provides that if a trial court fails to commence the trial on the merits or grant an extension within one year after the trial court appointed the department as the temporary managing conservator of a child, the trial court's jurisdiction terminates, and the case is automatically dismissed. TEX. FAM. CODE ANN. § 263.401(a). However, the court's jurisdiction may be extended as set forth in Section 263.401(b) which provides:

> Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:
>
> (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(b).

Phillip argues that because the record of the hearing was lost, and the trial court found that he did not make an express finding of extraordinary circumstances on the record that the trial court did not properly extend the case and the court lost jurisdiction, rendering the judgment of termination void. We disagree.

The Texas Supreme Court has addressed a somewhat similar issue in *In re G.X.H.*, 627 S.W.3d 288 (Tex. 2021). *See In re G.X.H.*, 627 S.W.3d 288 (Tex. 2021). In that proceeding, there was not a record made of the hearing, unlike this proceeding where the record was lost. However, the Court held in relevant part:

> [W]hile a trial court's failure to timely extend the automatic dismissal date before that date passes—through a docket-sheet notation or otherwise—is jurisdictional, claimed defects relating to the other requirements of 263.401(b) are not. Accordingly, with the exception of a trial court's failure to extend the automatic dismissal date before it passes, complaints regarding the trial court's compliance with the requirements in subsection (b) must be preserved for appellate review. Because the parents failed to preserve them in this case, we hold their complaints regarding the timing and form of the order resetting the trial and dismissal dates are waived. *See* TEX. R. APP. P. 33.1.

*In re G.X.H.*, 627 S.W.3d at 301.

In the hearing regarding the lost record, the parties and the trial court agreed that the trial court rendered an order on the record extending the trial court's jurisdiction,

based in part on the parties' agreement that extraordinary circumstances existed at that time that warranted the extension. If the trial court is required to expressly make the finding that extraordinary circumstances existed either on the record or in writing and failed to do so, this was a failure pursuant to Section 263.401(b) which had to be preserved for appellate review by objection or other complaint to the trial court. Phillip does not contend that he objected to the trial court's failure at the January extension hearing, at the temporary orders hearing that took place immediately after the extension hearing during which it was agreed that there was testimony presented regarding what the extraordinary circumstances were that led to the revocation of the mother's visitation, or at any time thereafter. Rather, Phillip's trial counsel conceded that he did not object to the extension because he agreed that there were extraordinary circumstances necessitating an extension and those circumstances were discussed with the trial court.

We find that the trial court's extension of the court's jurisdiction pursuant to Section 263.401(b) was made timely for the trial court to extend its jurisdiction over the proceedings, and any complaint regarding the failure of the trial court to make an express finding of extraordinary circumstances was not preserved for appellate review.[1] We overrule issue one.

---

[1] Phillip seeks a dismissal of the proceedings based on the lost record and the lack of an agreement that an express finding of extraordinary circumstances was made. However, we note that pursuant to Rule of Appellate Procedure 38.4(f), at most Phillip would be entitled to a new trial including the extension issue rather than dismissal. *See* TEX. R. APP. P. 34.8(f).

**PREDICATE ACTS**

In his second issue, Phillip complains that the evidence was legally and factually insufficient for the trial court to have found that he knowingly placed or allowed P.R. to remain in surroundings which endangered her physical or emotional well-being. *See* TEX. FAM. CODE ANN. §161.001(b)(1)(D). In his third issue, Phillip complains that the evidence was legally and factually insufficient for the trial court to have found that he engaged in conduct or knowingly placed P.R. with persons who engaged in conduct which endangered her physical or emotional well-being. *See* TEX. FAM. CODE ANN. §161.001(b)(1)(E). He does not challenge the sufficiency of the evidence as to the trial court's finding of best interest.

**STANDARD OF REVIEW**

The standards of review for legal and factual sufficiency in cases involving the termination of parental rights are well established and will not be repeated here. *See In re J.F.C.*, 96 S.W.3d 256, 264-68 (Tex. 2002) (legal sufficiency); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (factual sufficiency); *see also In re J.O.A.*, 283 S.W.3d 336, 344-45 (Tex. 2009). Sufficient evidence of only one ground and best interest is necessary to affirm a termination judgment. *In re N.G.*, 577 S.W.3d 230, 232-33 (Tex. 2019). Thus, if the evidence is sufficient to find one predicate ground, it is not necessary to address any other predicate ground. *Id.*

## SECTION 161.001(b)(1)(E)

In his third issue, Phillip complains that the evidence was legally and factually insufficient pursuant to Section 161.001(b)(1)(E). Section 161.001(b)(1)(E) allows termination of parental rights if the trial court finds by clear and convincing evidence that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(E). "Endanger" means "to expose a child to loss or injury, or to jeopardize a child's emotional or mental health." *In re M.C.*, 917 S.W.2d 268, 269 (Tex. 1996) (per curiam). An endangerment finding often involves physical endangerment, but it is not necessary to show that the parent's conduct was directed at the child or that the child suffered actual injury. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). "Rather, the specific danger to the child's well-being may be inferred from a parent's misconduct alone." *Id*.

In our endangerment analysis pursuant to Section 161.001(b)(1)(E), we may consider conduct both before and after the Department removed the children from a parent. *In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Evidence of drug use may constitute evidence of endangerment. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

Although, standing alone, evidence of incarceration is insufficient to support an endangering-conduct finding, it can be properly considered on the issue of endangering

conduct and is relevant to prove a parent's overall instability. *See In re J.F.-G.*, 627 S.W.3d 304, 312-15 (Tex. 2021) (reaffirming that a parent's criminal history and imprisonment are factors when considering endangering conduct although the mere fact of a conviction or sentence of incarceration, standing alone, will not support termination under Subsection (E)). Further, a parent's criminal conduct which leads to incarceration is relevant to the question of whether he engaged in an endangering course of conduct. *See In re S.R.*, 452 S.W.3d at 360-61. This is because routinely subjecting a child to the probability that the child will be left alone because a parent is in jail endangers the child's physical and emotional well-being. *See In re S.M.*, 389 S.W.3d 483, 492 (Tex. App.—El Paso 2012, no pet.). "As a general rule, conduct that subjects a child to a life of uncertainty and instability endangers the physical and emotional well-being of a child." *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied).

Phillip argues that the evidence was legally and factually insufficient for the trial court to have found that he engaged in conduct or knowingly placed P.R. with persons who engaged in conduct which endangered P.R. Phillip contends that he did not knowingly place P.R. with persons who engaged in endangering conduct because he was imprisoned at the time of the removal and testified that he was unaware of the mother's drug use, which led to all four of her children testing positive for drugs at the time of P.R.'s removal, or that there was domestic violence with the mother's current paramour. As to his own actions, Phillip argues that although there was some evidence of an

inappropriate video from when P.R. was younger[2] and evidence of his drug use and incarceration, that evidence was not sufficient to establish that he engaged in conduct which endangered P.R.

P.R. was born in the summer of 2016. Phillip was involved with P.R. to at least some extent and child support was established in 2016. He was incarcerated for assault on a public servant and was imprisoned for that offense when P.R. was removed from her mother after her sibling was harmed, and P.R. and her three siblings all tested positive for drugs in hair tests in February of 2020. The mother's boyfriend was accused of sexual assault on his own child. Phillip contended that he did not know of the drug use or the boyfriend's charges until a hearing in 2021.

Phillip was convicted of possession of a controlled substance in 2013 and placed on community supervision. He admitted that when he committed the offense of assault on a public servant, which occurred after P.R.'s birth, he was struggling with his addiction which was severe at that time. He was sentenced to prison for four years but was paroled in early 2021. He was arrested at the end of July of 2021 for resisting arrest and public

---

[2] Phillip argues that although the trial court took judicial notice of all of the contents of its file after the department requested the trial court to take judicial notice of the entire file, including any exhibits that had been previously admitted, it was not allowed to consider the video that had been admitted as an exhibit in a prior hearing and cites to this Court's opinion in *Davis v. State*, 293 S.W.3d 794 (Tex. App.—Waco 2009, no pet.) as support of his proposition. However, Phillip's counsel specifically stated, "No objection" on both occasions when the trial court asked the parties if they had any objections. The trial court specifically stated the second time it was asked to take judicial notice of the file and its contents and exhibits that it was taking judicial notice of the video in question and Phillip did not object. It was clear by the references to the substance of the video that the parties knew that the trial court was taking judicial notice of the substance of the video. Because Phillip did not object to the trial court's taking judicial notice of the file, including the exhibits, Phillip has waived any complaint regarding judicial notice. *See* TEX. R. APP. P. 33.1(a).

intoxication. In early August of 2021, he was arrested again for unlawful possession of a firearm by a felon and deadly conduct for discharging the firearm. At the time of trial in December of 2021, he was still incarcerated on those charges but also had a blue warrant for violating his parole. Phillip acknowledged that he was unable to provide P.R. with a safe and suitable home at the time of the trial in December of 2021 due to his incarceration.

The video in question depicted Phillip holding P.R. as a baby. Phillip held a naked Barbie doll's genital area with its legs spread over P.R.'s mouth where she licked it for a few seconds. He moved the doll and bent it into another position, and again placed the Barbie doll's genital area over P.R.'s mouth. P.R.'s mother was making the video and both she and Phillip were laughing in the video.

Viewing the evidence with the appropriate standards, we find that the evidence was legally and factually sufficient for the trial court to have found by clear and convincing evidence that Phillip engaged in conduct which endangered P.R.'s physical and emotional well-being pursuant to Section 161.001(b)(1)(E). This is not a case involving "mere imprisonment" as Phillip alleges, which had no impact on P.R. Instead, Phillip's ongoing, severe drug use and addiction led to his incarceration after P.R.'s birth. Phillip's subsequent imprisonment made it impossible for him to ensure P.R.'s safety, which was clearly jeopardized by her mother's drug use and choice of boyfriends. Then, during the pendency of the proceedings when he should have been working to create a safe home for P.R., he was arrested twice for committing new, serious criminal offenses

that could lead to extended time in prison in addition to the revocation of his parole. The video was clearly sexual in nature and highly inappropriate conduct to engage in with a young child. We overrule issue three.

Because we found the evidence sufficient pursuant to Section 161.001(b)(1)(E), we do not need to address Phillip's second issue pursuant to Section 161.001(b)(1)(D).[3]

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed August 24, 2022
[CV06]



---

[3] Phillip complains of the sufficiency of the evidence pursuant to Section 161.001(b)(1)(D) in his second issue and asks this Court to delete that finding even if the judgment is affirmed pursuant to Section 161.001(b)(1)(E). We are required to address challenges to the sufficiency of the evidence pursuant to Section 161.001(b)(1)(D) or (E) when raised due to the potential for collateral consequences in a future termination of parental rights. *See In re N.G.*, 577 S.W.3d 230, 235-36 (Tex. 2019). However, we have previously determined that it is only necessary to address one of the two grounds in our review because Section 161.001(b)(1)(M), which allows for termination of parental rights based on a prior termination pursuant to Section 161.001(b)(1)(D) or (E), only requires a finding as to one provision, not both of them. TEX. FAM. CODE ANN. § 161.001(b)(1)(M); *see, e.g., In re H.H.*, No. 10-21-00040-CV, 2021 Tex. App. LEXIS 4225 *1, n.1, 2021 WL 2252707 (Tex. App.—Waco May 27, 2021 pet. denied) (mem. op.); *see also* TEX. R. APP. P. 47.1, 47.4.